# IDA THORMEYER *et al.*

## *v.*

# WILLIAM H. SISSON.

1. ATTACHMENT—*the requirements of the statute must be observed to give jurisdiction.* An attachment is a remedy given by statute, and it must appear, affirmatively, its provisions have been substantially conformed to, before the court can obtain jurisdiction, where there is no personal service or appearance.

2. SAME—*notice must be mailed.* The omission of the clerk to mail a copy of the notice of publication to the defendant in attachment, when he is a non-resident, and his residence is disclosed in the affidavit for the writ, is fatal to the jurisdiction of the court. In such case, if the defendant does not appear, the court will acquire no jurisdiction. The record must show that such notice was mailed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 30th of March, 1876, plaintiff sued out a writ of attachment against the property of defendants. The affidavit alleging the indebtedness and causes for attachment, is in the usual form, and also states defendants are not residents of the State of Illinois, but that their place of residence is St. Joseph, Berien county, in the State of Michigan. The writ issued was levied upon real estate of defendants. Notice of the pendency of the attachment, in the usual form, was published in a newspaper for the requisite length of time, but it

does not appear the clerk of the court in which the cause was pending mailed to defendants, or either of them, a copy of the newspaper containing the notice, at the place of their residence as stated in the affidavit, within ten days after the first publication or at any other time. A declaration alleging indebtedness under the common counts, for rent due for use and occupation of premises of plaintiff, was filed in apt time, and their being no appearance of defendants or either of them, upon proof being made of the publication of the attachment notice, defendants were defaulted and judgment rendered for the amount of plaintiff's claim, and special execution awarded for the sale of the property attached.

Mr. JOSEPH PFIRSHING, for the plaintiffs in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No principle is better settled by the previous decisions of this court than that, in attachment proceedings, all the essential requirements of the statute giving the remedy must be observed. Attachment is a remedy given by statute, and it must appear, affirmatively, its provisions have been substantially conformed to, before the court can obtain jurisdiction, where there is no personal service of the attachment writ or appearance of defendant.

In the case before us the notice contained every material thing the statute enjoins, and was published for the requisite length of time in a newspaper of general circulation in the county where the cause was pending. A recent statute, however, makes it the duty of the clerk of the court, where it shall appear any defendant is a non-resident, if his place of residence is stated in the affidavit, within ten days after the first publication of the notice required to be published, to send a copy thereof by mail, addressed to defendant at his place of residence as alleged in the affidavit, and the clerk's certificate he has sent such notice shall be evidence of that fact. No notice was sent in this case, as the law requires, although the residence of defendants was distinctly disclosed in the affidavit,

and we are of opinion the omission is fatal. It was incumbent on plaintiff, before suing out an attachment, not only to set forth the nature of the indebtedness and the causes for attachment, but also allege the place of residence of defendants, if known. That was done, and it became the statutory duty of the clerk of the court to send a copy of the publication notice to defendants by mail, addressed to them at their place of abode as given in the affidavit. The duty to send such copy of notice to defendants is as imperative as the publication of the notice for the length of time specified in the statute, and is just as essential to confer jurisdiction on the court, in the absence of defendants, to try the cause. Neither may be omitted, and the reason is, both are positively required to give the court jurisdiction, where there is no appearance by defendants. Sending such notice is one of the means the law has adopted to inform non-resident defendants of proceedings instituted against them that may ultimately deprive them of their property. Like the proof of the publication of the attachment notice, the fact the clerk sent such notice to defendants must affirmatively appear in the record. That proof is wanting in this case, and hence the court failed to acquire jurisdiction to pronounce the judgment it did. Nor is there anything in the recitals of the record of the judgment, that shows any proof was made in the court below, that such notice was addressed to defendants at their place of residence, as disclosed, within ten days after the first publication, or at any other time.

The judgment will be reversed and cause remanded.

*Judgment reversed.*