(No. 11882.—Reversed and remanded.)

THE PEOPLE ex rel. Richard Williams et al. Defendants in Error, vs. ROLLA M. DARST et al. Plaintiffs in Error.

*Opinion filed December 18, 1918.*

1. DRAINAGE—*how county court acquires jurisdiction.* In the matter of organizing drainage districts under the Levee act the county court acquires jurisdiction of the subject matter by virtue of the statute, it acquires jurisdiction of the particular case by the filing of a petition in compliance with the statute, and it acquires jurisdiction of the person by the giving of the notices required by the statute.

2. SAME—*finding of court as to posting, publication and mailing of notices is prima facie evidence of such facts.* A finding by the county court in a drainage proceeding that the notices required by law were duly posted, published and mailed, that proof of the same was duly made, that the petition is in due form of law and that the court has jurisdiction of the subject matter and of the owners of the land, is *prima facie* evidence that the notices required by law have been given.

3. SAME—*finding of jurisdictional facts may be contradicted by other parts of the record.* A finding of the jurisdictional fact of service of process or publication of notice may be contradicted by other parts of the record, but unless some other part of the record is inconsistent with the finding such finding will be sufficient to sustain the jurisdiction of the court.

4. SAME—*what does not contradict finding as to notices.* In a drainage proceeding under the Levee act the fact that previous notices given of hearings at earlier dates were insufficient because of an erroneous description of the district therein is not inconsistent, in the absence of a bill of exceptions, with a finding by the court, four months later, that due notice had been given of the hearing as provided by law, as such a finding might be based on oral testimony in open court.

5. SAME—*continuances from day to day after entering upon hearing need not be entered of record.* Under the Levee act the county court must fix a day certain for the hearing of the commissioners' report, and if the commissioners are not ready to report on that day must continue the hearing to a day certain, but after the hearing has been entered upon, if it lasts over a day, it is not necessary that the adjournments or recesses of the court from day to day shall be made a matter of record, as the parties are bound to take notice of the oral announcements of the court.

6. SAME—*when court may permit amendment without adjourn-ment for hearing.* Where levee drainage commissioners present a petition to amend their report by changing the course of one of the ditches, which change, in connection with the plats, plans and surveys attached to the report, is sufficiently indicated and lessens the estimated cost of the work, the court may allow the petition and order the amendment made without adjournment for a hear-ing and the filing of plans, plats and specifications showing the pro-posed change, as is required by section 15 of the Levee act in case the report is referred back to the commissioners.

7. SAME—*court may enter an order organizing district without waiting for plat to be recorded.* Section 16 of the Levee act, pro-viding that if the court finds the district should be organized the plat of the same shall be recorded and an order made organizing the district, does not require that the court shall wait until the plat is recorded before making the order of organization.

8. QUO WARRANTO—*plea may set up whole record of drainage proceeding.* In a *quo warranto* proceeding against levee drainage commissioners the respondents have a right to include in their plea of justification the whole record, not only of the proceedings up to the order of organization but the subsequent proceedings lead-ing to the confirmation of the assessment, whether or not the rec-ord of the subsequent proceedings has any tendency to show that the relators had submitted themselves to the jurisdiction of the court so as to be bound by the order of organization; and such plea is not subject to the objection of duplicity, as attempting to justify and also to estop the relators.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

A. M. HESTER, and STERLING, LIVINGSTON & WHIT-MORE, for plaintiffs in error.

·MILES K. YOUNG, State's Attorney, and W. B. LEACH, (WIGHT & ALEXANDER, LESTER H. MARTIN, OSCAR G. HOOSE, CHARLES L. CAPEN, and F. Y. HAMILTON, of coun-sel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On November 29, 1913, the county court of McLean county entered an order under the Levee Drainage act de-claring the Mackinaw Drainage District duly established as

provided by law. January 10, 1914, the State's attorney of McLean county filed an information in the nature of *quo warranto* in the circuit court against Rolla M. Darst, Henry A. Welch and William McKeever, informing the court that the respondents had usurped and assumed to exercise the corporate powers, liberties, privileges and franchises of the supposed drainage district known as the Mackinaw Drainage District, and calling upon them to answer by what warrant they claimed to have, use and enjoy such powers, liberties, privileges and franchises. The respondents filed a plea, a demurrer to which was overruled and a judgment was rendered in their favor, which was reversed and the cause was remanded, with directions to sustain the demurrer, at the December term, 1914. (*People* v. *Darst*, 265 Ill. 354.) The cause was re-instated in the circuit court, and the respondents obtained leave to file, and did file, an amended plea, to which a demurrer was sustained. A judgment of ouster was entered against respondents, and they have sued out this writ of error.

The plea set out at length the record of the proceedings in the county court for the organization of the district. The defendants in error contend that it was insufficient, for the reasons the court never acquired jurisdiction of the persons of all the parties because the notices of the hearing of the petition were defective; that the court lost jurisdiction of the subject matter because upon the filing of the commissioners' report the hearing on it was not continued to a day certain; that an amendment to the commissioners' report was permitted to be made changing the location of a part of the ditch without an adjournment for a hearing on said report and without a copy of any survey, plat, plans, profiles and specifications showing the new location being filed with the amendment; that the plat of the district was not recorded, and that the plea was bad for duplicity.

The county court, in organizing drainage districts under the Levee act, exercises a special and limited jurisdiction,

and it is essential to the validity of its orders that all the facts essential to give it jurisdiction shall appear in the record. It has general jurisdiction of the subject by virtue of the statute. It acquires jurisdiction of the particular case by the filing of a petition in compliance with the statute. Jurisdiction of the person is obtained by the giving of the notices required by the statute. No objection is alleged against the sufficiency of the petition. The court had jurisdiction of the subject matter. Section 3 of the Levee act provides that upon the filing of a petition the clerk of the court shall cause three weeks' notice to be given by posting and publication, and that such notice shall state when and in what court the petition is filed, the starting point, route, termini and general description of the proposed work, the boundaries and name of the proposed drainage district, and at what term of the court the petitioners will ask a hearing on the petition. The objection made to the notice is that it did not state the boundaries of the proposed district. The court made a finding "that due notice had been given to all persons interested, for the length of time and in the manner required by law, of the filing of said petition, both by posting notice and publication, as provided by statute; and the court having duly examined said petition and the proof of posting and the publication and mailing of notices in said cause, and having heard the arguments of counsel, doth find said petition in due form of law and that said notices were duly posted, published and mailed and that proof of the same was duly made, and that the court has jurisdiction of the subject matter of this cause and of the owners of the land embraced in said district proposed to be organized." The petition was filed on October 15, 1912, and the record shows that the petitioners would ask for a hearing at the November term of the county court on the 12th day of November, 1912. On that day the cause was continued to December 7, 1912, and another notice was published and posted of a hearing on that day. On that day the cause

was again continued and the hearing on the petition actually occurred, and the order containing the finding above quoted was entered on April 12, 1913.

It has been frequently held that such findings by the court as are contained in the recitals of this order are *prima facie* evidence that the notices required by law have been given. The notices given that the petitioner would ask for a hearing on November 12, 1913, and on December 4, 1912, in describing the boundaries of the proposed drainage district stated that they were "those [around the outer edge of] the territory covered and occupied by all of the following described tracts and parcels of land, to-wit," followed by a description of all of the lands included in the petition, except that in each case a tract of 120 acres lying on the border of the district was omitted, and a smaller tract in one notice, 20 acres, and in the other 5 acres, wholly detached from the district, were described. It is argued that these notices contradict the finding of the court that due notice was given, by showing that the notices given did not describe the boundaries of the district, and that they were therefore insufficient to give the court jurisdiction of the persons of the owners of land who did not sign the petition. The rule is that the finding of the jurisdictional fact of service of process or publication of notice by the court may be contradicted by other parts of the record, but unless some other part of the record is inconsistent with the finding the finding will be sufficient to sustain the jurisdiction of the court. The fact that the previous notices given of hearings at earlier dates were insufficient because of an erroneous description of the district is not inconsistent with the finding of the court, four months later, that due notice had been given of the hearing as provided by law. Section 3 of the statute provides that the certificate of the clerk or the affidavit of any other credible person affixed to a copy of the notice shall be sufficient evidence of posting, publication and mailing of such notices. But

the court is not confined to such forms of proof and may hear other evidence. We said in *Stokes* v. *Bay Bottoms Drainage District,* 278 Ill. 390, in regard to the hearing under section 5, which provides that the court may receive the affidavit of any person in regard to the number of the signers of the petition and the quantity of land included in the district, that "the objection that the record contains no affidavit setting forth the facts required by section 5 of the Levee act, and that the evidence as to such facts is not otherwise preserved, is equally unfounded. The order of the court finds the facts from the testimony heard in open court. The statute does not require the proof to be made by affidavit, and the finding of the facts, based upon testimony heard in open court, is sufficient, in the absence of a bill of exceptions." So here, in the absence of a bill of exceptions the finding of the court in regard to the notices will be presumed to be in accordance with the evidence. The previous notices having been defective, it may well be that at the hearing, four months later, proof was made of the publication and posting of due notice in the manner and for the time required by law as found by the court.

Section 13 of the Levee act provides that after the appointment of the commissioners and the filing of their report the court shall fix a day for the hearing thereon, and when the case was here on the former appeal, following the case of *Merkle Drainage District* v. *Hathaway,* 260 Ill. 186, we held that the plea was insufficient because it failed to show that the county court had continued the case to a day certain for a hearing on the commissioners' report. The amended plea shows that upon the filing of the commissioners' report on July 26, 1913, an order was entered setting it for hearing August 22, 1913, and that orders of continuance were entered from time to time until November 3, 1913, on which day an official reporter was appointed to report the hearing and certain objections were overruled and others were withdrawn. No other orders of record are

alleged until November 14, 1913, when an order of continuance to November 22, 1913, "for the decision of the court on the objections filed herein to the report of the commissioners," was entered. On the latter day an order was entered on the petition of the commissioners for leave to amend their report, which was allowed and the cause was continued until November 26, and on that day it was again continued to November 29, when the final order establishing the district was made. The plea avers that a hearing on the commissioners' report was begun on November 3, 1913, which was continued from day to day on November 4, 5, 6 and 7, when a recess was taken until November 10, when the hearing was resumed and continued on that day and November 11, 12, 13 and 14, all of these days being regular days of the November term, 1913, of the court. The plea does not state that any orders of continuance from day to day were entered of record, and defendants in error insist that because of the failure to enter such continuances the court lost jurisdiction of the cause. The only requirements of a continuance to a day certain contained in section 13 are, that if the commissioners are not ready to report on the day fixed they may obtain a continuance or continuances until their report is ready to be filed, but such continuance or continuances shall be to a day certain, and upon the report being filed the court shall fix a day, not less than ten days nor more than four weeks from the filing, for the hearing thereon. Section 14 of the Levee act provides that the court may make all necessary orders in the premises, either for the continuance of the hearing or other lawful purposes. Section 15 provides that if the report is referred back to the commissioners for amendment the court shall fix a day when the commissioners shall again present their report, in which case the hearing shall stand adjourned to that day. Under these provisions the court had no authority to enter upon the hearing of the report except on a day to which the cause had been continued, and

if it did so it acted without jurisdiction. The statute does not expressly require that if the hearing upon the report should not be completed on the day fixed but should continue through several days, each adjournment over or recess of the court from day to day shall be entered of record, and no such requirement can be implied from the statute. The court having jurisdiction to enter upon the hearing has jurisdiction to proceed to a complete hearing according to the ordinary practice, even though several days are occupied in the hearing.

In *Trustees of Schools* v. *Griffith,* 263 Ill. 550, a petition was filed by the trustees of schools to condemn an acre of land for a school house site. The petition was filed in vacation and there were several postponements before the trial of the case. A plea was filed by the owners of the land, which they called a plea to the jurisdiction of the court, setting up that after the filing of the petition there were numerous adjournments of the court from time to time without any formal order entered continuing the cause to the date to which the adjournment was had. A demurrer was sustained to the plea, and in holding it insufficient we said: "This plea presented no legal ground why the court should not proceed to the final determination of the proceeding. It was commenced in vacation, and under the statute the courts are always open for proceedings of this character. The manifest purpose of the legislature in providing for the hearing of condemnation proceedings in vacation was to avoid delays which would necessarily occur if such proceedings could not be heard except in term time. The only difference between a hearing in vacation and one in term time is, that the judge must fix a day for the hearing and order a special jury, but when the court convenes for the purpose of hearing it is a court organized for the purpose of hearing that cause and has all of the power and authority that would exist if the court were regularly convened in term time. The statute under which the court pro-

ceeds in a condemnation proceeding in vacation does not require that when it is necessary to adjourn the hearing from day to day or from time to time there must be a written order entered on the record showing the adjournment of the court, and in the absence of such requirement we can see no reason why the jurisdiction of the court should be made to depend upon the formal entry of such order. When the parties are all before the court and it becomes necessary to adjourn the further hearing of the case to some future day it is usually done by public announcement from the bench, and every one interested in the proceeding has due notice when the hearing will be resumed. When such notice is had all the rights of the parties are as fully and completely preserved as they would be if the clerk should note in the record that the further hearing of the case has been postponed until a future time. * * * While it would be a safer practice and avoid difficulties from possible misunderstanding as to the time to which the cause had been postponed to preserve a written notation of the fact, still we are not prepared to hold that the jurisdiction of the court to continue with the condemnation proceeding will be lost unless such adjournment is noted in the record."

When the hearing of a cause is begun the court may proceed with the hearing and take such recesses and adjournments as the convenience of the court and the parties and the other business of the court make necessary. The parties engaged in the hearing are bound to take notice of the oral announcements of the court as to the time when the hearing will be continued, and the court does not lose jurisdiction of the cause by adjourning the hearing from day to day without a formal order of continuance, in the absence of a statute requiring such order.

On November 13, 1913, the commissioners presented a petition to amend their report changing the course of a part of the open ditch proposed to be constructed, stating that

the change was requested by the highway commissioners of Anchor township and that the ditch would be as good as on the course previously recommended; that it would be slightly shortened and the old channel of the Mackinaw would be utilized, and that said portion of the ditch could be constructed at a considerable saving in cost, as the excavation required would be about 9000 cubic yards less and also less valuable land would be required for the right of way. In the order of November 29 the petition was allowed and it was ordered that the report of the commissioners be amended as requested. Defendants in error insist the court was without power to permit this amendment without an adjournment for a hearing on the report and the filing of surveys, profiles, plats, plans and specifications showing the new location and plan of the ditch. Section 11 of the Levee act provides that the report of the commissioners shall be accompanied with a copy of the surveys, profiles, plats, plans and specifications of the proposed work, and these were filed with the original report. The amendment allowed was manifestly for the purpose of shortening the ditch, utilizing the channel of the Mackinaw and saving expense. In connection with the surveys, plats and plans attached to the report the amendment sufficiently showed the character and extent of the change in location and plans. No continuance for a hearing upon the amended report was necessary. Section 14 of the Levee act provides that if it shall appear that additional ditches, drains and outlets not named in the report are necessary or that the report ought to be modified in any particular, and the court shall be sufficiently informed in the premises, it shall modify the same to conform to the equities in the premises, or if not sufficiently informed it shall order the commissioners to review and correct their report, and may make specific directions in what respect they shall reform their report; and the court may make all necessary orders in the premises, either for the continuance of the hearing or other law-

ful purposes. Section 15 provides that if the report be referred back to the commissioners for amendment the court shall fix a day when the commissioners shall again present their report, in which case the hearing shall stand adjourned to that day. But in this case the report was not referred back to the commissioners, but the court, upon the hearing, modified the report, as section 14 authorized it to do if sufficiently informed in the premises.

Section 16 of the Levee act provides that if the court finds that a drainage or levee district should be organized the plat of the same should be recorded and an order made according to the findings of the court, (giving the form of the order,) and that upon entering such order of record the district is thereby declared by law to be organized as a drainage district. While the plat is directed to be recorded the order of the court is not made dependent upon the recording of the plat. Both things are directed to be done,— the recording of the plat and the making of the order,— and upon the making of the order the district is declared to be organized. The court is not required to await the recording of the plat before making the order.

The defendants in error insist that the plea is bad for duplicity because it attempts to justify and also seeks to estop the relators. The plea sets out the record of the county court from the filing of the petition to the entry of the order declaring the district established and then sets out the record subsequent to that order, showing the assessment roll of benefits and damages, the objections filed to its confirmation, the trial and verdict of the jury and the order confirming the assessment roll. It is true that the plaintiffs in error argue that the relators are estopped by the proceedings subsequent to the order establishing the district, but the argument is based upon their claim that the objections filed brought the objectors generally within the jurisdiction of the county court, because they required the court to assume jurisdiction both of the subject matter

and of their persons to pass upon those objections. The plea was a plea of justification, and its whole purpose was to show a valid record of the organization of the district. Whether the proceedings subsequent to the order had any tendency to show that the relators submitted themselves to the jurisdiction of the court so as to be bound by that order or not, the defendants in error had a right to plead the whole record and submit the question to the court. The only defense attempted to be set up was the due organization of the district by a valid order of the county court, and it was competent to include in the plea the whole of the record.

The court erred in sustaining the demurrer to the plea, and its judgment will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*