VIRGIL D. MARKHAM, Plaintiff-Appellant, *v.* DAN MARKHAM *et al.*, Defendants-Appellees.

Third District   No. 76-201

Opinion filed July 11, 1977.

Lawrence M. Solomon, of Peoria, for appellant.

Jack C. Vieley, of Peoria, and Kerry Cordis, of Princeville, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County, which denied the prayer of a complaint filed by Virgil D. Markham (the plaintiff) and which prayed that a decree of adoption entered on November 24, 1971, be vacated and set aside and that Dan Markham and

Nettie Markham (defendants) be ordered to surrender the custody of the minor children Tammy Ann Markham, Ted Allen Markham and Terry Ray Markham to the plaintiff.

In this appeal brief and oral arguments were presented by and on behalf of the plaintiff, Virgil D. Markham, the defendants Don Markham and Nettie Markham, and also by attorney Kerry R. Cordis as guardian-ad-litem for the minor children.

During oral argument of this cause it was called to this court's attention that the minor child and defendant Tammy Ann Markham is now deceased, having departed this life approximately two months ago, and hence is not and cannot in any way be a party to this appeal.

The factual background which ultimately resulted in litigation and from which this appeal stems commenced on March 5, 1965, when the plaintiff married Betty J. Markham. From this marriage three children were born, namely Tammy Ann Markham in 1966 (now deceased), Ted Allen Markham in 1967, and Terry Ray Markham in 1969. The plaintiff and his wife Betty were divorced on June 27, 1970, and the mother, Betty, was granted custody of the minor children. Betty, the mother, died on August 4, 1971.

Less than two months after the mother's death the defendants Dan Markham and Nettie Markham filed a petition to adopt the minor children. While we fail to deem it to be of any significance to the issue in this appeal we will nevertheless note that the plaintiff is a nephew of the defendant Dan Markham and the plaintiff's deceased wife was also related by blood to the defendant Nettie Markham. The defendants Dan Markham and Nettie Markham are husband and wife. The petition for adoption filed by the defendants Dan and Nettie Markham was approved and a decree of adoption making them the adoptive parents of the minor children was entered by the Circuit Court of Peoria County on November 24, 1971.

The petition for adoption filed by the defendants Dan and Nettie Markham alleged that the plaintiff had abandoned and deserted the children and that the petitioners did not know the plaintiff's whereabouts. No allegation was made that the plaintiff was an unfit father, no affidavit for publication was filed, no personal service was had on the plaintiff, however, notice was published in the Peoria Daily Record listing the plaintiff's address as unknown. No notice was mailed to the plaintiff (respondent in the adoption proceedings) at his address or last known address by the clerk of the circuit court. The plaintiff as father of the minor children did not consent to the adoption.

The record discloses that when the decree of adoption was entered the plaintiff was employed at Shakey's Pizza Parlor on North University Street in Peoria, Illinois, and that he resided at 730 North Maxwell Road in

Peoria, which was located within 1½ miles from where the minor children were living with the defendants Dan and Nettie Markham.

The record discloses that the plaintiff remarried on October 31, 1972, to one Barbara Markham, that he is well employed and is purchasing a home.

A further recital of facts will be set forth as we deem them pertinent to the determination of this appeal.

■■ The broad issue presented for determination in this appeal is whether the trial court erred when it denied the plaintiff's prayer to vacate and set aside the adoption. It is the opinion of this court that the trial court did err, because the decree of adoption was void for failure of the trial court to have jurisdiction of the person of Virgil Markham, the father of the minor children.

■■ It is unquestioned that the plaintiff, Virgil Markham, as father of the children did not consent to the adoption. We harbor serious doubts as to the validity of the petition for adoption. A mere allegation of unfitness of a parent is insufficient; in addition, the grounds for unfitness should be alleged. (See *In re Petition of Smith* (1972), 4 Ill. App. 3d 261, 280 N.E.2d 770.) There was also a failure by the trial court to find the natural father an unfit person which is a mandatory requisite of our adoption act. See Ill. Rev. Stat. 1971, ch. 4, par. 9.1—8.

Assuming, however, for purposes of arguendo that the above defects did not vitiate the decree of adoption, it was most certainly rendered void because of lack of jurisdiction. When the father failed to consent it was then necessary to obtain jurisdiction of his person by following the provisions of the Civil Practice Act. Such Act sets forth the requirements to be followed to obtain service by publication which are as follows:

> "§14. Service by publication—Affidavit—Mailing—Certificate. Whenever, in any action affecting property or status within the jurisdiction of the court, * * * plaintiff or his attorney shall file, at the office of the clerk of the court in which his action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the clerk shall cause publication to be made * * *. The clerk shall also, within 10 days of the first publication of the notice, send a copy thereof by mail, addressed to each defendant whose place of residence is stated in such affidavit." Ill. Rev. Stat. 1971, ch. 110, par. 14.

We also direct our attention to further statutory provisions relating to service by publication which provide:

> "§1. In all suits at law or in chancery, or in probate matters

hereinafter commenced in courts in this state where service by publication is required or against nonresident defendants, who reside or have gone out of the state or on due inquiry cannot be found or are concealed within this state so that process cannot be served upon them, it shall be sufficient publication if such notice shall be published at least once in each week for 3 successive weeks the first publication to be at least 30 days prior to the return day at which the defendants are required to appear in some newspaper of general circulation in the county in which such suit may be brought.

And the clerk of the court shall mail to the defendants at their last known place of residence, as stated in the affidavit, a copy of said notice, within 10 days after the first day of the publication of the same." Ill. Rev. Stat. 1971, ch. 100, par. 9.

■■ After examining these provisions it is evident that in order to obtain service by publication the following acts must be consummated:

(1) Affidavit executed and filed by either the plaintiff or his attorney;

(2) Due inquiry made as to the defendant's residence;

(3) Publication made, and;

(4) Notice sent to the defendant's last known address.

In the instant case with the exception of the publication itself all of the above requisites were ignored. The filing of an affidavit is an essential ingredient if service by publication is to be valid. (See *City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 284 N.E.2d 449.) In the case of *Leakas* the reviewing court in considering the due inquiry provision stated:

"The provision for 'due inquiry' is not intended as a *pro forma* or useless phrase, requiring only perfunctory performance, but, on the contrary, requires an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as the circumstances can permit." *City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 27, 284 N.E.2d 449. See also *Graham v. O'Connor* (1932), 350 Ill. 36, 182 N.E. 764.

The testimony of the defendant Nettie Markham was that she lived about one mile from the plaintiff at the time of the adoption and that she drove by his address many times. She stated after the plaintiff's divorce she had seen him from a distance and that the last address she knew of for the plaintiff was in Bellevue and that she could locate the property. The record is replete with testimony that the defendants Dan and Nettie Markham frequently saw the plaintiff and with the slightest of inquiry could have located his whereabouts if in fact they were not already possessed of such awareness. Such conduct or lack of conduct on the part

of the defendants Dan and Nettie Markham falls quite short of an honest, well-directed and conscientious effort to make due inquiry as to the place of residence of the plaintiff, who they were making a respondent or defendant in an adoption proceedings.

The defendants Dan and Nettie Markham argue that the sending of a notice to the last known address of the plaintiff would have been a futile gesture since the residence at such last known address had been razed. The following testimony of defendant Nettie Markham belies the soundness of such argument:

"Q. What is the last address that you knew of where Virgil was living?

A. In Bellevue.

Q. Do you know where in Bellevue?

A. Oh, I can't think of the name of the street right now but it was in Bellevue.

Q. You could locate the house?

A. No, it's torn down now I think. The highway is going there.

Q. You could go to that spot?

A. Yes, yes.

Q: And when did he live there last to your knowledge?

A. 1969.

Q. So in the year that the children came to live with you he had lived at that address in Bellevue?

A. That's right.

Q. Do you know when that house was torn down?

A. No, I don't. The highway is going through there and I don't know when I—

Q. In the last year, six months or two years?

A. I think it's been torn down in the last year or so. I won't say for sure.

Q. All right. It was still standing on the date of the adoption?

A. Yes."

■■  The testimony which we have set forth establishes that at the time of the adoption the house where the plaintiff lived had not been razed but was still standing and therefore a notice sent to such address could well have served a useful purpose, even if the defendant was not then living at such address it is not unreasonable to assume that his mail might have been sent on to a forwarding address. The failure to mail notice to a last known address has been sufficient to divest a court of jurisdiction of a party defendant. See *Anderson v. Anderson* (1907), 229 Ill. 538, 82 N.E. 311.

■■  Because of the almost total failure to comply with section 14 of the

Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 14) the judgment of the trial court denying the petition to vacate or set aside the adoption constituted reversible error because in the adoption proceedings the court did not have jurisdiction of the person of the plaintiff, Virgil D. Markham, and hence any decree entered therein was void.

For the reasons set forth the judgment of the Circuit Court of Peoria County is reversed and this case is remanded with directions that the trial court enter judgment in favor of the plaintiff, Virgil D. Markham, on his complaint to set aside adoption.

Reversed and remanded.

STENGEL, P. J., and BARRY, J., concur.