# Illinois Official Reports

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Sedys*, 2019 IL App (2d) 180188

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff-Appellee, v. JURGITA SEDYS, JUOZAS SEDYS, NONRECORD CLAIMANTS, UNKNOWN TENANTS, and UNKNOWN OWNERS, Defendants (Jurgita Sedys, Defendant-Appellant).– DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff-Appellee, v. LEOPOLDO ARAUJO, SILVIA ARAUJO, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., THE WILLOWS OF FOX VALLEY CONDOMINIUM ASSOCIATION, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants (Leopoldo Araujo, Defendant-Appellant). |
| District & No. | Second District<br>Docket Nos. 2-18-0188, 2-18-0330 cons. |
| Filed | May 8, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, Nos. 08-CH-2141, 08-CH-3321; the Hon. Robert W. Rohm, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Carla Sherieves, of CMS Law, LLC, of Chicago, for appellants.<br><br>Rosa M. Tumialán, of Dykema Gossett PLLC, and Kimberly A. Jansen and Adam Saper, of Hinshaw & Culbertson LLP, both of Chicago, and Dawn N. Williams, of Dykema Gossett PLLC, of Grand Rapids, Michigan, for appellee. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Zenoff and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1　　In these consolidated cases, defendants, Jurgita Sedys and Leopoldo Araujo, brought petitions under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), alleging that the default judgments of foreclosure entered against them were void for lack of personal jurisdiction in that plaintiff, Deutsche Bank National Trust Company, failed to comply with the requirements for service by publication (*id.* § 2-206). The trial court dismissed the petitions. In each appeal, defendant argues, as below, that the default judgment is void because the record does not reflect that the clerk of the court mailed defendant a copy of the published notice at the address listed in the affidavit that plaintiff prepared in support of service by publication. We affirm because the records on appeal in both cases are insufficiently complete to support defendants' claims of error.

¶ 2　　　　　　　　　　　　　I. BACKGROUND

¶ 3　　Sedys's case was docketed below as No. 08-CH-2141, and Araujo's case was docketed as No. 08-CH-3321. The section 2-1401 proceedings in the cases were assigned to the same trial judge and conducted simultaneously. The same counsel represented both defendants and raised the same jurisdictional issue. On appeal, Sedys's case was docketed as No. 2-18-0188, and Araujo's case was docketed as No. 2-18-0330. Defendants are represented on appeal by the same counsel as below. We consolidated the appeals for decision on our own motion because defendants raise the same issue and the underlying facts are similar in all relevant respects. Plaintiff, however, has different counsel in the two appeals and does not raise all the same arguments.

¶ 4　　The following proceedings occurred in each case. Plaintiff brought a complaint for foreclosure of a mortgage and filed an accompanying affidavit for service by publication. In the affidavit, plaintiff identified defendant's place of residence but claimed unsuccessful attempts at personal service. Plaintiff provided the clerk of the court with a notice for newspaper publication. The record contains no certificate from the clerk that the published notice was mailed to defendant at the address listed in the affidavit.

¶ 5　　When defendant failed to appear, plaintiff filed a motion for a default judgment of foreclosure. Subsequently, the court entered judgments of default and for foreclosure. The default judgment specified that the matter had "com[e] on to be heard" by the court. The record, however, contains no report of proceedings of the hearing. In its foreclosure judgment, the trial court found that it had personal jurisdiction over defendant. The property was later sold, and the trial court entered an order approving the sale.

¶ 6　　Several years later, defendant filed a petition under section 2-1401, claiming that the default judgment, and all successive judgments, were void. Defendant argued that the court lacked personal jurisdiction over defendant because the clerk of the court failed to mail a copy of the published notice to defendant's address as listed in the affidavit for service by publication. See *id.* § 2-206(a) ("The clerk shall ***, within 10 days of the first publication of

the notice, send a copy thereof by mail, addressed to each defendant whose place of residence is stated in [the affidavit for service by publication].").

¶ 7 Plaintiff filed a motion to dismiss, arguing that the petition was defective on its face and also barred by affirmative matter. The trial court dismissed the petition because defendant failed to provide an affidavit in support of the allegation that the clerk did not mail the notice. See *id.* § 2-1401(b) ("The petition must be supported by affidavit or other appropriate showing as to matters not of record.").

¶ 8 Defendant filed an amended petition. Defendant removed the allegation that the clerk did not, in fact, mail a copy of the published notice. Defendant instead alleged that the record contained no indication that the clerk mailed a copy of the notice. Plaintiff moved to dismiss the amended petition. The trial court granted the motion because the amended petition, like the original, lacked a supporting affidavit.

¶ 9 Defendant in each case filed a timely appeal.

¶ 10 II. ANALYSIS

¶ 11 Defendants challenge the dismissal of their section 2-1401 petitions. Plaintiff not only defends the grounds on which the trial court dismissed the petitions but also submits various alternative grounds for affirming. See *In re Estate of Funk*, 221 Ill. 2d 30, 96 (2006) (a reviewing court is not bound by the reasons given by the lower court for its judgment and may affirm on any grounds that are called for by the record).

¶ 12 In their section 2-1401 petitions, defendants claimed that the trial court lacked personal jurisdiction over them when it entered the default judgments. Personal jurisdiction is established either by service of process in compliance with statutory requirements or by a party's submission to the court's jurisdiction. *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 10. A judgment entered without personal jurisdiction over a party is void and can be attacked at any time, directly or collaterally. *Id.* ¶ 9. Section 2-1401 provides a process for seeking vacatur of a final judgment more than 30 days old. *Id.* ¶ 8; see 735 ILCS 5/2-1401 (West 2016). A section 2-1401 petition may be used to attack a judgment as void. *U.S. Bank National Ass'n v. Rahman*, 2016 IL App (2d) 150040, ¶ 25. The petition "must be supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2016).

¶ 13 The trial court dismissed defendants' petitions because they did not include affidavits to support their jurisdictional claims. This was error. The claim in each petition was based on an omission in the record, namely the absence of evidence that the clerk mailed a copy of the notice for publication to defendant at the address specified in the affidavit for service by publication. This claim was restricted to the record as it stood, and therefore no affidavit was required to support it.

¶ 14 Though we reject the ground on which the trial court dismissed the petitions, we nonetheless affirm the dismissals. Plaintiff in No. 2-18-0330 argues that the record in that case is insufficiently complete to support defendant's contention that the clerk failed to mail the published notice. We agree and find the same defect in No. 2-18-0188. We reach that conclusion through the following textual analysis of section 2-206(a) of the Code and similarly worded statutes.

¶ 15     Section 2-206 of the Code (*id.* § 2-206) specifies the requirements for service by publication. Subsection (a) provides that the party seeking service by publication must file

> "an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained[.]" *Id.* § 2-206(a).

Upon the filing of such an affidavit, the clerk of the court shall publish notice of the pendency of the action. *Id.* Section 2-206(a) further provides:

> "The clerk shall also, within 10 days of the first publication of the notice, send a copy thereof by mail, addressed to each defendant whose place of residence is stated in such affidavit. The certificate of the clerk that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so." *Id.*

A party defending service by publication must demonstrate strict compliance with all requirements of the statute. *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 34.

¶ 16     Illinois cases have long held that personal jurisdiction over a party through service by publication is not successful if the clerk fails to mail a copy of the published notice to each defendant listed in the affidavit filed in support of service by publication, as required by section 2-206(a). See *Anderson v. Anderson*, 229 Ill. 538, 539-40 (1907); *In re Marriage of Wilson*, 150 Ill. App. 3d 885, 889 (1986); *Markham v. Markham*, 50 Ill. App. 3d 1061, 1065 (1977). According to defendants, a certificate of mailing from the clerk is indispensable evidence of mailing, and they rely on the absence of such a certificate from the records in both cases as sufficient grounds for reversal.

¶ 17     In their briefs, defendants make passing references to this court's decision in *Wilson*. At oral argument, counsel for defendants addressed *Wilson* more extensively, arguing that the case holds that a clerk's certificate of mailing is necessary proof of mailing under section 2-206(a).

¶ 18     In *Wilson*, the petitioner moved for a default judgment of dissolution because the respondent failed to appear. The trial court granted the motion, finding that it had personal jurisdiction over the respondent through service by publication in compliance with section 2-206. Later, the respondent moved to vacate the default on the basis "that no certificate of publication appeared in the record." *Wilson*, 150 Ill. App. 3d at 887. The trial court denied the motion. *Id.* On appeal, this court "agree[d] with the respondent that the service by publication was defective and that as a result the court lacked jurisdiction over him." *Id.* at 888. One fatal defect was that "the court clerk failed to mail a copy of the publication to respondent's last known address as stated in the affidavit and as required by section 2-206." *Id.* at 889. However, we did not explain the basis for our finding that the published notice had not been mailed. Perhaps the absence of a clerk's certificate of mailing was of itself enough for us to conclude that the notice had not been mailed. It is equally possible, however, that we would have accepted alternative methods of proof, yet found those lacking as well.

¶ 19     We have found no published cases construing section 2-206(a) to determine what constitutes acceptable evidence that the clerk mailed a copy of the published notice. To resolve this issue of first impression, we turn to the language of the statute. The primary goal of statutory interpretation is to ascertain and effectuate the intent of the legislature, the best

evidence of which is the statutory language when given its plain and ordinary meaning. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 36. Where the statutory language is clear and unambiguous, it must be applied as written without resort to other aids of construction. *Palm v. Holocker*, 2018 IL 123152, ¶ 21. Language is considered ambiguous when it is susceptible to more than one reasonable interpretation. *In re E.B.*, 231 Ill. 2d 459, 469 (2008).

¶ 20    Under section 2-206(a), the clerk must mail the defendant a copy of the published notice, and "[t]he certificate of the clerk that he or she has sent the copy [of the published notice] in pursuance of this Section is evidence that he or she has done so." 735 ILCS 5/2-206(a) (West 2016). It is unclear if the legislature is mandating a certificate or simply identifying it as one means of proof. Therefore, we resort to extrinsic aids. One such aid directs courts to give consistent constructions to statutes on the same or related subjects. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 470 (2010).

¶ 21    Defendants direct our attention to *Thormeyer v. Sisson*, 83 Ill. 188 (1876), where the supreme court construed the service-by-publication requirements in section 22 of the attachments statute (Ill. Rev. Stat. 1874, ch. 11, ¶ 22 (now codified at 735 ILCS 5/4-127 (West 2016))). In No. 2-18-0330, plaintiff cites *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), to argue that *Thormeyer* is inapposite because it was decided prior to the 1964 amendments to the Illinois Constitution, when the trial court's jurisdiction over attachment matters derived wholly from statute and, therefore, strict compliance with statutory requirements was required. See *id.* at 336-37 (prior to the 1964 amendments to the Illinois Constitution, compliance with statutory requirements was necessary to establish jurisdiction in purely statutory causes of action); *Thormeyer*, 83 Ill. at 189 ("Attachment is a remedy given by statute ***.").

¶ 22    If indeed *Thormeyer* was insisting on strict compliance with the attachments statute's service-by-publication requirements, this would—contrary to plaintiff's position—confirm *Thormeyer*'s pertinence here because, under current Illinois law, the same strict-compliance standard is required for service by publication under section 2-206(a) of the Code (*Concord Air*, 2015 IL App (2d) 140639, ¶ 34).

¶ 23    Incidentally, we observe that plaintiff in No. 2-18-0330 does not maintain a consistent stance on the relevance of pre-1964 cases on jurisdiction. Plaintiff relies on the supreme court's interpretation, in *People ex rel. Fitton v. Ehler*, 338 Ill. 67 (1929), of a service-by-publication provision of the drainage statute (Ill. Rev. Stat. 1929, ch. 42, ¶ 3). Proceedings under the drainage statute were creatures of statute just like proceedings under the attachments statute. See *Wetaug Drainage District v. Illinois Central R.R. Co.*, 297 Ill. 350, 352 (1921).

¶ 24    As noted, having found an ambiguity in section 2-206(a), we are justified in consulting judicial interpretations of other service-of-process statutes. We begin with *Thormeyer*. Section 22 of the attachments statute dictated when the plaintiff in an attachment proceeding could resort to publication in order to serve the defendant with the order for attachment that the plaintiff previously obtained. Service of the order, by whatever acceptable means, was necessary for personal jurisdiction. *Thormeyer*, 83 Ill. at 189. Section 22 permitted service by publication only when the plaintiff established by affidavit or return of service that the defendant could not be personally served. Upon the filing of the affidavit or return, the clerk of the court was required to publish, for a certain time, notice of the attachment. Further,

> "such clerk shall, within ten days after the first publication of such notice, send a copy thereof, by mail, addressed to such defendant, if the place of residence is stated in such

affidavit; and the certificate of the clerk that he has sent such notice in pursuance of this section, shall be evidence of that fact." Ill. Rev. Stat. 1874, ch. 11, ¶ 22.[1]

¶ 25     The supreme court said of the mailing requirement:

"The duty to send such copy of notice to defendants is as imperative as the publication of the notice for the length of time specified in the statute, and is just as essential to confer jurisdiction on the court, in the absence of defendants, to try the cause. Neither may be omitted, and the reason is, both are positively required to give the court jurisdiction, where there is no appearance by defendants. Sending such notice is one of the means the law has adopted to inform non-resident defendants of proceedings instituted against them that may ultimately deprive them of their property. Like the proof of the publication of the attachment notice, the fact the clerk sent such notice to defendants must affirmatively appear in the record. That proof is wanting in this case, and hence the court failed to acquire jurisdiction to pronounce the judgment it did. Nor is there anything in the recitals of the record of the judgment, that shows any proof was made in the court below, that such notice was addressed to defendants at their place of residence ***." *Thormeyer*, 83 Ill. at 190.

¶ 26     Notably, the *Thormeyer* court did not suggest that a certificate from the clerk was the only acceptable proof of mailing under section 22. The court relied on the absence of "proof" generally rather than the absence of the clerk's certificate specifically.

¶ 27     *Dennison v. Taylor*, 142 Ill. 45 (1892), is another case in which the supreme court found insufficient evidence that a copy of the published notice was mailed as required under section 22 of the attachments statute. Unlike in *Thormeyer*, a clerk's certificate of mailing was in the record in *Dennison*. However, the certificate could be construed to reflect mailing to only one of the two defendants in the case. The plaintiffs relied alternatively on the trial court's written finding that they presented, at a hearing, " 'due proof of publication of notice to the defendants of the pendency of this suit.' " *Id.* at 55. The plaintiffs urged the supreme court to presume (as there was no report of proceedings in the record) that they presented, at the hearing, sufficient evidence of mailing under section 22. The court refused, noting that the order mentioned only proof of publication: "But 'due proof' of what was made to the court? Why, manifestly, due proof of the 'publication of notice to the defendants.' " *Id.* The court therefore declined to presume that the parties presented not only evidence of publication but also evidence of mailing.

¶ 28     *Ehler*, cited by plaintiff, was decided several decades after *Thormeyer*. *Ehler* construed another statute with relevant text similar to section 2-206(a), namely section 3 of the drainage statute (Ill. Rev. Stat. 1929, ch. 42, ¶ 3 (now codified at 70 ILCS 605/3-6 (West 2016))). Section 3 governed service of a petition for the formation of a drainage district. A party filing such a petition was required to provide an affidavit furnishing the names and, if known, the addresses of persons who owned land within the proposed drainage district but resided outside the county or counties in which the proposed district would lie. When such a petition and

---

[1]The *Thormeyer* court only paraphrased the "certificate" language in section 22. The parties on appeal work from the paraphrase and do not quote the actual text. (As it happens, the paraphrase was faithful to the text.)

We note that section 4-127 of the Code retains the "certificate" language of section 22 except for the addition of a feminine pronoun. See 735 ILCS 5/4-127 (West 2016).

affidavit were filed, the clerk of the court was required to publish notice of the petition. The clerk was also required, within three days of the initial publication of the notice, to send copies of the notice to the addressees listed in the petitioner's affidavit. Section 3 further provided: "The certificate of the clerk, or the affidavit of any other creditable person, affixed to a copy of said notice, shall be sufficient evidence of the posting, mailing and publication of said notices."[2] *Id.* Compliance with section 3 was necessary for personal jurisdiction. *Ehler*, 338 Ill. at 79.

¶ 29    Before discussing *Ehler*, we examine two earlier cases applying section 3: *People ex rel. Williams v. Darst*, 265 Ill. 354 (1914) (*Darst I*), and *People ex rel. Williams v. Darst*, 285 Ill. 533 (1918) (*Darst II*). In *Darst I*, the petitioners filed a petition to form a drainage district. The trial court, after "finding the jurisdictional facts as to the sufficiency of the petition and the giving of notice, etc.," appointed commissioners, pursuant to statute, to lay out and construct the improvements contemplated in the petition (Ill. Rev. Stat. 1913, ch. 42, ¶ 5). *Darst I*, 265 Ill. at 360. The commissioners filed their statutorily mandated report about the cost and impact of the improvements (Ill. Rev. Stat. 1913, ch. 42, ¶ 9). The trial court ultimately declared the drainage district organized, but the supreme court reversed because the trial court had failed to hold a hearing on the commissioners' report before issuing its order. *Darst I*, 265 Ill. at 360-61.

¶ 30    Upon remand, the petition was refiled. The trial court twice continued the hearing because the petition failed to sufficiently describe the proposed district and, therefore, did not provide proper notice. *Darst II*, 285 Ill. at 536-37. When the trial court finally held a hearing on the petition, it issued an order stating:

    " '[T]hat due notice had been given to all persons interested, for the length of time and in the manner required by law, of the filing of said petition, both by posting notice and publication, as provided by statute; and the court, having duly examined said petition and the proof of posting and the publication and mailing of notices in said cause, and having heard the arguments of counsel, doth find said petition in due form of law and that said notices were duly posted, published and mailed and that proof of the same was duly made, and that the court has jurisdiction of the subject matter of this cause and of the owners of the land embraced in said district proposed to be organized.' " *Id.* at 536.

¶ 31    The supreme court rejected the respondents' argument that they did not receive proper notice under section 3 (Ill. Rev. Stat. 1913, ch. 42, ¶ 3). The court acknowledged the absence from the record of a clerk's certificate as described in section 3, but the court noted that the trial court was "not confined to such forms of proof and may hear other evidence." *Darst II*, 285 Ill. at 538. The court held that, because there was no report of proceedings in the record, "the finding of the court in regard to the notices will be presumed to be in accordance with the evidence." *Id.* The court commented, "The previous notices having been defective, it may well be that at the hearing, four months later, proof was made of the publication and posting of due notice in the manner and for the time required by law as found by the court." *Id.*

¶ 32    The facts in *Ehler* were similar to *Darst II*. Following a hearing on the petition for organization of a drainage district, the trial court found that notice of the petition was posted, published, and mailed in accord with section 3 (Ill. Rev. Stat. 1929, ch. 42, ¶ 3). There was no

---

[2]The language in its current version remains substantively unchanged. See 70 ILCS 605/3-6 (West 2016) ("The certificate of the clerk of the court or the affidavit of any other credible person, affixed to a copy of the notice, is sufficient evidence of the mailing of notice.").

clerk's certificate in the record, yet there was also no report of proceedings of the hearing. The supreme court held that section 3 "does not require the certificate of the publication or mailing to be filed, but only provides that the certificate of the clerk or the affidavit of any other reputable person affixed to a copy of the notice shall be sufficient evidence of the posting, mailing and publication of the notices." *Ehler*, 338 Ill. at 75. Under *Darst II*, the trial court's finding of compliance with section 3 "may be based on testimony heard in open court." *Id.* (citing *Darst II*, 285 Ill. 533).

¶ 33 To facilitate comparison, we juxtapose the relevant language of section 2-206(a) of the Code, section 3 of the drainage statute, and section 22 of the attachments statute:

(1) "The clerk shall also, within 10 days of the first publication of the notice, send a copy thereof by mail, addressed to each defendant whose place of residence is stated in such affidavit. The certificate of the clerk that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so." 735 ILCS 5/2-206(a) (West 2016).

(2) "[T]he clerk shall send a copy of the notice aforesaid to each of said non-residents, whose residence is known, within three (3) days after the first publication of the same. The certificate of the clerk, or the affidavit of any other creditable person, affixed to a copy of said notice, shall be sufficient evidence of the posting, mailing, and publication of said notices." Ill. Rev. Stat. 1929, ch. 42, ¶ 3.

(3) "[S]uch clerk shall, within ten days after the first publication of such notice, send a copy thereof, by mail, addressed to such defendant, if the place of residence is stated in such affidavit; and the certificate of the clerk that he has sent such notice in pursuance of this section, shall be evidence of that fact." Ill. Rev. Stat. 1874, ch. 11, ¶ 22.

¶ 34 The only textual difference of note in the quoted portions is that section 2-206(a) of the Code states that the clerk's certificate "*is* evidence" of mailing, while sections 3 and 22 stated that the certificate (or affidavit) "*shall be* evidence" of mailing. Plaintiff contends, based on that difference, that section 22 had stricter proof requirements than section 2-206(a). The case law reviewed above shows otherwise. In *Thormeyer*, the supreme court noted the lack of evidence that the clerk mailed the notice, but the court did not express or imply that a clerk's certificate was the only acceptable evidence of mailing under section 22. *Thormeyer*, 83 Ill. at 190. Nor did the supreme court adopt a stricter stance later in *Dennison*. The supreme court found the clerk's certificate inadequate, but the court did not end the analysis there; instead it considered the possibility that evidence of mailing was produced at the hearing. However, since the trial court's order from that hearing referenced only proof of publication, the supreme court would not presume that evidence of mailing was also presented at the hearing. *Dennison*, 142 Ill. at 55.

¶ 35 The supreme court's holdings were clearer in *Darst II* and *Ehler*, where the court construed section 3 of the drainage statute. According to the court, the legislature in section 3 was simply identifying a certificate or affidavit as one acceptable (indeed, sufficient) method of proving that the notice was mailed. A court is "not confined to such forms of proof and may hear other evidence" of mailing (*Darst II*, 285 Ill. at 538), including testimony (*Ehler*, 338 Ill. at 75).

¶ 36 There is no functional difference between the "certificate" language in section 2-206(a) and the corresponding text in the provisions that the supreme court construed in *Thormeyer*, *Dennison*, *Darst II*, and *Ehler*. Moreover, we are unaware of any considerations particular to

service by publication in cases governed by section 2-206(a) that would render the holdings in those cases inapplicable to section 2-206(a).

¶ 37 Consequently, we hold that a certificate from the clerk is not the only acceptable proof of mailing under section 2-206(a) but that such proof may take the form of other documentary evidence and also testimony. Thus, the absence of a clerk's certificate from the record in a case does not, of itself, show a failure to comply with the mailing requirement of section 2-206(a).

¶ 38 As noted, the party relying on service by publication must show strict compliance with all statutory requirements. *Concord Air*, 2015 IL App (2d) 140639, ¶ 34. We cannot determine whether plaintiff here did so comply because in neither case on appeal does the record include a report of proceedings of the hearing at which the trial court granted plaintiff's motion for a default judgment. Following the hearing in each case, the trial court made a written finding that it had personal jurisdiction over defendant. Without a report of what transpired at the hearing, we do not know what argument or evidence was presented with respect to personal jurisdiction. As appellants, defendants had the burden of providing a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of an adequate record, we must presume that the orders entered by the trial court were in conformity with the law and had a sufficient factual basis. *Id.* at 392. Any doubts that arise from the incompleteness of the record are resolved against the appellant. *Id.*

¶ 39 We note how the procedural posture of this case compares to *Dennison*, *Darst II*, and *Ehler*. In *Ehler* and *Darst II*, the trial court made specific findings, following a hearing, that the notice was published and mailed. *Ehler*, 338 Ill. at 75; *Darst II*, 285 Ill. at 536. There being no report of proceedings of the hearing, the supreme court presumed that the trial court received adequate evidence to support its findings. *Ehler*, 338 Ill. at 75; *Darst II*, 285 Ill. at 537-38. In *Dennison*, by contrast, the trial court made a specific finding regarding one element of personal jurisdiction, *i.e.*, publishing, but was silent regarding another element, *i.e.*, mailing. As in *Ehler* and *Darst II*, there was no report of proceedings of the hearing. Given the wording of the order, the supreme court declined to presume that the trial court received sufficient evidence of mailing in addition to publication. *Dennison*, 142 Ill. at 55.

¶ 40 In each case here, the court made a general finding that it had personal jurisdiction. Plaintiff benefits in this context from the generality of the finding because, unlike in *Dennison*, there is no reason to believe that the trial court was presented with evidence on some elements of personal jurisdiction but not others. In the absence of a sufficiently complete record, we presume, as directed by *Foutch*, that the trial court received sufficient evidence to support all elements of personal jurisdiction.

¶ 41                                                    III. CONCLUSION

¶ 42 For the foregoing reasons, we affirm the judgments of the circuit court of Du Page County.

¶ 43 Affirmed.