ALEXANDER CAMPBELL *et al.*

*v.*

JOHN K. McCAHAN *et al.*

1. SUMMONS — *return — decree.* It is sufficient evidence that a summons was returned "not found," if it appears to have been so found in the decree; and that establishes the jurisdiction of the court over non-residents if the notice and publication are regular, and conform to the statute.

2. AFFIDAVIT *of non-residence — when it must be filed.* An affidavit of the non-residence of defendants to a bill in equity, made twenty days before the bill is filed, is not made in a reasonable time before the suit is brought, where the complainant resides and makes the affidavit in an adjoining county, and fails to confer jurisdiction. Where a complainant resides in the county in which suit is brought, he will be allowed less time than where he lives in another or distant county or in another State; but, while a reasonable time will be allowed for the purpose, there should be no unnecessary delay.

3. JURISDICTION *of the person and subject-matter.* A judicial sentence to be binding must be based on jurisdiction of the person and of the subject-matter. If either is wanting the whole proceeding is *coram non judice,* and may be questioned in either a direct or collateral proceeding; the decree in such a case

being void, all acts performed under it are void, and all rights flowing from it are of the same character.

4. SAME — *cloud on title.* A decree rendered without jurisdiction, upon which a sale of property is made or title conveyed to complainant, creates such a cloud on the title of the owner as authorizes a court of equity to take jurisdiction for its removal, notwithstanding it could not be insisted on to defeat a recovery by the owner in an action at law.

5. DECREE — *parties and privies.* Where the court, without jurisdiction of the person of the defendant, decrees the conveyance of property from the defendants in that proceeding to complainant, and he receives the deed, he thereby acquires no title, nor can he confer any on a grantee, as he is chargeable with notice of the want of jurisdiction.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a bill in equity, brought by John K. McCahan, John Dreswell, John K. McCahan, Jr., Thomas S. McCahan, Mary Buoy and James K. Morehead, in the Bureau Circuit Court, against Alexander Campbell and S. J. Greenwood. The object of the bill was to cancel a decree and the proceedings under it, obtained by Campbell at a previous term of the court against complainants, by which they were required to convey to Campbell, on an alleged purchase by him of John McCahan deceased, under whom complainants in this suit claim title to the premises.

They allege fraud and a want of due and proper service, and that such a sale was never made, and pray that the decree be annulled and the conveyance under it be set aside. Answers were filed and a hearing had, when the Circuit Court rendered a decree canceling the former decree, and declaring complainants to be invested with the title.

To reverse that decree defendants bring the case to this court by appeal, and insist that the court below erred in rendering this decree.

Mr. J. I. TAYLOR, for the appellants.

Messrs. ECKELS & KYLE, for the appellees.

---

---

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that, in the former suit, to reverse the decree in which this proceeding is instituted, the court did not have jurisdiction of the person of the defendants. If this be true, then the decree is a nullity, binding on no one, and may be attacked in any proceeding, whether direct or collateral. It is first urged in support of the proposition, that no summons in the case was returned "not found," as to the defendants. But the decree in that case expressly finds that there was such a return, and that is held to be evidence of a compliance with the requirements of the statute in such cases, and that it confers jurisdiction, where the statute has been conformed to in other respects. *Goudy* v. *Hall*, 30 Ill. 116; *Rivard* v. *Gardner*, 39 id., 125. Again, that suit was brought in July, 1857, and the proceeding was governed by the act of February of that year, which declares that it shall not be necessary for a summons to issue, to be served or returned, when the defendants are non-residents, and there shall be proper publication. And there is no dispute that the defendants were non-residents; so that in any event there is no force in this objection.

It is likewise insisted that the affidavit to prove the non-residence of the defendants, upon which the order of publication was made, was insufficient, having been sworn to twenty days before the bill was filed and the order of publication made. And for that reason, the clerk was not authorized to make the order on such affidavits. Also, that it fails to prove that- defendants were non-residents when the bill was filed. The eighth section of the chapter entitled "Chancery," under which this proceeding was had, is silent as to the time when the affidavit must be made. Whether simultaneously with the the order of publication, or prior to the making of the order, is not declared. It simply provided that whenever any complainant shall file the requisite affidavit in the office of the clerk of the court in which the suit is pending, he shall cause publication to be made.

This, then, involves the necessity of giving a construction to this clause of the section. In terms, it only requires the suit to be pending to authorize the proper affidavit to be filed, and the order and publication to be made. The object which the legislature had in view, when ascertained, must be regarded and carried into effect. Our courts being powerless to send their process beyond the limits of the State, and the legislature being unable to confer the power, to prevent a failure of justice in many cases, it became necessary that some species of constructive notice should be adopted, that the property of persons beyond the limits of the State might be rendered amenable to the process of our courts, and justice thus administered to our citizens having demands against non-residents. Hence the adoption of this provision, which was designed, so far as may be necessary, to take the place of actual service. And to give effect to that intention, the act must receive a fair and reasonable construction.

This law being remedial in its character, it must, according to the canons of interpretation, be liberally construed, so as to promote the remedy sought. It would, therefore, seem, under a liberal construction, not to be essential that the affidavit should be sworn to, and the order of publication made simultaneously with the filing of the bill. It would be sufficient if filed in a reasonable time. If the affidavit were made years or even months before the order of publication, the time would be unreasonable. It may be difficult to determine what is a reasonable time within which the affidavit must be filed after it is sworn to; but that must depend on the circumstances of each case. Where the person making the affidavit resides in the county in which the suit is pending, a shorter delay would be allowed than where he resided and made the affidavit in a different but adjoining county, and, in the latter, less than if he resided and swears to the facts in another State. In such a case, a reasonable time would be allowed within which to transmit the affidavit to the place where it is to be used.

If both acts are required to be performed, in all cases, on the same day, it would, in practice, work great inconvenience in

many instances, and in some, great injustice. Nor is it believed that this section has, in practice, received so strict a construction; as it is believed that reasonable time has generally been allowed to file the affidavit after it has been made. But it seems obvious that twenty days is an unreasonable time to be allowed to transmit such an instrument from an adjoining county. A few days, at most, with slight effort, is only required for such a purpose. Allowing for the irregularity of the post, or delays of messengers sent for the purpose, no such a period of time could be required, and where it has occurred, it indicates either a want of effort in sending it, or inattention in filing it with the clerk. This affidavit, then, was made too long before it was filed, to authorize the publication, and the law not having been complied with in this respect, the publication was unwarranted, and being so, it failed to give the court jurisdiction of the person of the defendants.

The jurisdiction of both the subject-matter and of the person is essential to the validity and binding force of a judicial sentence. If either of these jurisdictional facts is wanting, then the sentence or decree of the court is void. In such a case, the whole proceeding is *coram non judice;* and it may be successfully resisted in that or any other court, in a direct or collateral proceeding. Nor can the fact that the clerk or the court adopted other requisites or conditions than those required by the law, in the least relieve the case of its defects. Other requirements than those imposed by the law cannot be substituted. The court was powerless, until the defendants were duly served with process, or brought into court by proper publication, to render any decree that would bind either the defendants or their property. The decree being void, all acts performed under it, and all rights claimed as flowing from it, are equally void and inoperative. And in this case defendants could show that the decree was void in a court of law, as well as in equity; but, inasmuch as it operates as a cloud on their title, it is proper that a court of equity should take jurisdiction of the case to remove it, and free their title from suspicion.

Nor is Greenwood in any better position than was his grantor

4—41ST ILL.

when he received his mortgage. He is chargeable with notice of this defect in Campbell's title. The law presumes, that every man examines title to real estate before purchasing or receiving a mortgage. If he did so in this case, he must have seen, that the affidavit was made twenty days before the order of publication; and, Campbell failing to obtain the title held by the defendants, Greenwood acquired no interest in the premises by his mortgage. Campbell having no title, he could convey none to Greenwood. It then follows that this mortgage failed to become a lien upon the land, and, like the decree, cannot be upheld.

The judgment of the court below must therefore be affirmed.

*Decree affirmed.*