*In re* MARRIAGE OF BETTY J. WILSON, Petitioner-Appellee, and JAY WILSON, a/k/a Carvel J. Wilson, Respondent-Appellant (Aurora Federal Savings and Loan Association *et al.*, Defendants).

Second District  No. 2—86—0196

Opinion filed December 23, 1986.

John G. Plain, of Aurora, for appellant.

No brief filed for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The circuit court of Kane County awarded certain property to petitioner, Betty J. Wilson. Respondent, Jay Wilson, appeals, contending that petitioner's attempted service by publication was defective and thus the court had no jurisdiction to enter such an order. Although no appellate brief was filed by the petitioner, we may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128; *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674.

Petitioner failed a petition for dissolution of her marriage to respondent on December 1, 1981, in the circuit court of Du Page County. Apparently the only substantial marital asset was the marital residence located at 1135 McDonald Avenue, Aurora, Illinois, which was held in the name of the respondent only. On January 20, 1982, respondent transferred his interest in the property to Mary Louise Kennedy, the secretary of his attorney, John Plain. The Du Page County circuit court subsequently enjoined Kennedy from further transferring or otherwise affecting title to the property. It also purported to enjoin respondent, although he had never been served with notice of the dissolution action.

On August 25, 1982, respondent obtained a dissolution of marriage in Hillsborough County, Florida. That decree expressly did not resolve any issues relating to property. During the next 17 months, the following occurred. Petitioner executed an affidavit for service by publication pursuant to section 2—206 of the Code of Civil Procedure (Ill. Rev. Stat., 1982 Supp., ch. 110, par. 2—206) which was filed on March 3, 1983. Petitioner's counsel withdrew. On June 20, 1983, new counsel filed an amended petition which added a count II asking that

a constructive trust be placed on the McDonald Avenue property for the benefit of the petitioner. On January 13, 1984, the cause was transferred to the circuit court of Kane County.

The record shows that during this period at least three attempts were made to serve respondent personally in Florida. The first service was quashed pursuant to respondent's limited appearance. The second was returned unserved with an indication that respondent had sold that residence in 1978 and was believed to be in the Chicago area. The third, listing another address respondent sometimes used, was returned unserved with the notation that there was no such address.

In July and August 1984, notice was published for three consecutive weeks in the Geneva Republican, a Kane County newspaper. A copy of the notice was not mailed to respondent's last known address. In November 1984, Kennedy deposited the deed to the McDonald Avenue property in escrow, pending the court's further order.

After numerous delays and continuances, the court on January 9, 1986, entered a default judgment against respondent. In supplemental orders on January 17 and January 22, the court found that the respondent had been duly served by publication, awarded title to the McDonald Avenue property to petitioner, and ordered Kennedy to execute a deed to the property to petitioner. The issue of petitioner's attorney fees was reserved until personal service could be obtained on respondent.

On February 5, 1986, respondent filed his special and limited appearance and a motion to vacate the orders of January 9, 17, and 22, as well as an additional order entered October 10, 1985. The basis for the motion was that no certificate of publication appeared in the record. The motion was denied on February 24, 1986. We note that the record does contain such a certificate filed January 9, 1986. A second certificate, identical to the first, is filed in the record immediately after the February 24 order.

Respondent appeals from the order denying his limited appearance. In this court, he alleges that there were numerous technical defects in the published notice, that no copy of this notice was mailed to his last-known address, and that the 23-month interval between execution of the affidavit of publication and the actual publication is unreasonable. He claims that for these reasons the attempt to serve by publication was defective and thus the court did not acquire jurisdiction over him.

■ The object of service of process is to notify a party of pending litigation and thus secure his presence. (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 712.) Although the usual method is

by personal service, the legislature may provide for substitute service, such as service by publication, especially as to nonresident defendants. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657.) The use of constructive service demands strict compliance with the statutory requirements. (*Illinois Valley Bank v. Newman* (1933), 351 Ill. 380, 383; *Bank of Ravenswood v. King* (1979), 70 Ill. App. 3d 908, 912.) Conversely, since the procedure is remedial in character, the statute should be interpreted liberally to advance the remedy. (351 Ill. 380, 384.) In construing the sufficiency of the notice, courts focus not on "whether the notice is formally and technically correct, but whether the object and intent of the law were substantially attained thereby." *Fienhold v. Babcock* (1916), 275 Ill. 282, 289-90; *Conrad v. Conrad* (1946), 329 Ill. App. 33, 37, *aff'd* (1947), 396 Ill. 101.

Service in the instant case is premised on a notice published in the Geneva Republican on July 26, August 2, and August 9, 1984. Respondent challenges this procedure in several respects. First, he contends that the form of the notice was defective. The requirements for service by publication are set out in section 2—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—206). Essentially, section 2—206 requires that the party seeking service by publication file an affidavit stating that the person to be served is a nonresident of this State or has concealed himself within the State or after due diligence cannot be found. Publication shall then be made in a newspaper published in the county in which the action is pending. The publication must contain notice of the pendency of the action, the title of the court and of the case, including the names of the first-named plaintiff and defendant, the number of the case, the identities of the parties sought to be served, and the date after which default may be entered against those parties. The clerk shall then mail a copy of the notice "to each defendant whose place of residence is stated in such affidavit." Ill. Rev. Stat. 1983, ch. 110, par. 2—206.

■ We agree with the respondent that the service by publication was defective and that as a result the court lacked jurisdiction over him.

First, the publication in this case was merely a verbatim recital of the second count of the amended petition. Despite the fact that the case had previously been transferred to Kane County, the publication contained the Du Page County docket number and stated that the case was pending in that court rather than in Kane County. Further, it failed to indicate specifically the party to be served. Thus, even if the respondent saw the publication and understood that it referred to

him, he was directed to the wrong court. Such obvious deviations from the requirements of the statute cannot be overlooked.

Secondly, the court clerk failed to mail a copy of the publication to respondent's last known address as stated in the affidavit and as required by section 2—206 (Ill. Rev. Stat. 1983, ch. 110, par. 2—206). There must be strict compliance with the requirements of that section. (*Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 926.) Mailing a copy of the notice is a relevant part of the publication process. *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 930.

In *Markham v. Markham* (1977), 50 Ill. App. 3d 1061, plaintiff brought suit against defendants to vacate a decree of adoption whereby defendants had adopted plaintiff's three children. Defendants had served plaintiff with a petition to adopt, by publication. However, defendants failed to file an affidavit that the plaintiff could not be located, failed to use due diligence to discover plaintiff's whereabouts (plaintiff was living one-half mile from the defendants' home), and failed to send notice of the publication to plaintiff's last known address. As to the failure to send the notice, the defendants argued that the house where defendant had been living had been torn down and that to send the notice there would have been a fruitless act. The court stated as follows:

> "The testimony which we have set forth establishes that at the time of the adoption the house where the plaintiff lived had not been razed but was still standing and therefore a notice sent to such address could well have served a useful purpose, even if the defendant was not then living at such address it is not unreasonable to assume that his mail might have been sent on to a forwarding address. The failure to mail notice to a last known address has been sufficient to divest a court of jurisdiction of a party defendant. See *Anderson v. Anderson* (1907), 229 Ill. 538, 82 N.E. 2d 311." 50 Ill. App. 3d 1061, 1065.

Finally, respondent argues that the interval between the time the affidavit was executed (August 27, 1982) and publication (July and August 1984), a gap of 23 months, was unreasonable. In *Illinois Valley Bank v. Newman* (1933), 351 Ill. 380, the court found that a lapse of 10 months between execution of the affidavit and publication was unreasonable. (351 Ill. 380, 385.) The court made clear, however, that the question of reasonableness depends on the facts and circumstances of the particular case. (351 Ill. 380, 384.) We have noted the various attempts made by the petitioner to have the respondent served. However, there is nothing in the record before us that justi-

fies the 23-month delay between the execution of the affidavit and the publication, especially when there appears no explanation as to why a new affidavit could not have been executed.

For all of the foregoing reasons, the court failed to obtain jurisdiction over the respondent. Therefore, exercising our powers under Rule 366(a)(5) of the Supreme Court (87 Ill. 2d R. 366(a)(5)), all orders entered by the trial court premised upon jurisdiction over the respondent are vacated, and the judgment of the circuit court of Kane County denying the respondent's special and limited appearance is reversed.

Reversed.

LINDBERG and UNVERZAGT, JJ., concur.