# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112

</div>

| | |
|---|---|
| Appellate Court Caption | THE BANK OF NEW YORK MELLON, f/k/a the Bank of New York, as Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-OA9 Mortgage Pass-Through Certificates Series 2007-OA9, Plaintiff-Appellee, v. KRZYSZTOF KARBOWSKI, Defendant-Appellant, and 1636 NORTH BOSWORTH CONDOMINIUM ASSOCIATION; BANK OF AMERICA; KRZYSZTOF KARBOWSKI; UNKOWN HEIRS AND LEGATEES OF KRZYSZTOF KARBOWSKI, IF ANY; UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants. |
| District & No. | First District, Third Division<br>Docket No. 1-13-0112 |
| Filed | May 28, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure action, the trial court's judgment of foreclosure and the order confirming the foreclosure sale were vacated and the cause was remanded for further proceedings where plaintiff bank's motion to serve defendant by publication failed to strictly comply with the requirements of section 2-206 of the Code of Civil Procedure, and the absence of an explanation from the bank as to how its affidavit could be reliable in view of the 50-day delay between execution and filing did not constitute "strict compliance with every requirement of the statute" for purposes of section 2-206. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-21523; the Hon. Daniel Brennan, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kusper Law Group, Ltd., of Chicago (Stewart T. Kusper and Paul C. Mallon, Jr., of counsel), for appellant.<br><br>Wirbicki Law Group, LLC, of Chicago (Russell Wirbicki and James A. Meece, of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court with opinion. Presiding Justice Hyman and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant-appellee, Krzysztof Karbowski, appeals from orders entered by the circuit court of Cook County denying his motion to quash service by publication, entering a judgment of foreclosure and confirming the foreclosure sale. Karbowski contends that the affidavit submitted by Bank of New York Mellon (Bank) in support of its motion for leave to serve him by publication was not timely filed and was defective on its face and, therefore, his motion to quash service should have been granted. Karbowski further argues that because the circuit court did not acquire personal jurisdiction over him, its later orders entering a judgment of foreclosure and confirming the foreclosure sale are void and must be vacated. We agree and reverse.

¶ 2                                    BACKGROUND

¶ 3 On July 1, 2009, the Bank filed its complaint to foreclose a mortgage on a condominium owned by Karbowski and located at 1636 S. Bosworth, unit 4S in Chicago. Between July and September 2009, the Bank made dozens of attempts to serve Karbowski, both at the address of the property and elsewhere. Specifically, the Bank attempted to serve Karbowski at the property on July 7 and 23; at another address in Chicago on North Milwaukee Avenue on July 7, 23 and 30; at an address in Miami, Florida, on August 11; at 2201 Martin Lane in Northfield, Illinois, on August 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23; and at various other locations in Chicago between October 9 and 17. According to the process server's affidavit, Karbowski's driver's license reflects the Florida address, he owns a vehicle registered to the address on North Milwaukee in Chicago and his social security number and credit file reflect the Northfield address. The affidavit also reflects that the process server was told that Karbowski did not reside in the condominium on Bosworth.

¶ 4    On November 3, 2009, the Bank filed an affidavit for service by publication detailing the efforts it had made to locate and serve Karbowski. Although the affidavit was, according to the notary's seal, signed and sworn to on September 14, 2009, it recited efforts to locate Karbowski on September 23 and October 28, 2009, and attached the process server's affidavit referring to efforts to serve Karbowski as late as October 17. The affidavit also recited that Karbowski's last known address was the address of the property on Bosworth.

¶ 5    The trial court granted the Bank's motion to serve Karbowski by publication and notice was thereafter published in the *Chicago Daily Law Bulletin*. A copy of the notice was mailed by the clerk of the circuit court to Karbowski at the Bosworth address, but was returned as undeliverable. When Karbowski did not appear, the Bank obtained an order of default against him.

¶ 6    On February 9, 2010, the Bank moved for entry of a judgment of foreclosure and sale. Notice of this motion was sent to Karbowski at the Bosworth and Milwaukee Avenue addresses in Chicago as well as the Northfield address. The Bank's motion was granted and a judgment of foreclosure was entered.

¶ 7    Pursuant to the judgment of foreclosure, notice of the sale of the property was sent to Karbowski both at the Chicago and Northfield addresses. The sale was set for June 8, 2010. For reasons that do not appear of record, the sale was postponed and was ultimately scheduled for October 2011.

¶ 8    On October 27, 2011, prior to the sale, Karbowski filed an appearance and a motion to quash service alleging various defects in the affidavit supporting the motion for service by publication, including the recitation that his last known address was at the property and the nearly two-month delay between the time the affidavit was notarized on September 14, 2009 and November 3, 2009, the date the motion was filed. After Karbowski's motion was briefed and argued, the trial court denied the motion and entered an order confirming the sale on December 3, 2012. Karbowski timely appealed.

¶ 9                                     ANALYSIS

¶ 10    The parties disagree regarding the appropriate standard of review. The Bank contends that we should apply an abuse of discretion standard, inferring that the trial court made factual findings regarding the issues raised by Karbowski. But the record does not reflect that an evidentiary hearing was held or that the trial court relied on anything other than the written submissions of the parties and the arguments of counsel in reaching its ruling on the motion to quash. Under such circumstances, the *de novo* standard of review applies to a trial court's ruling on a motion raising jurisdictional issues. *Royal Extrusions Ltd v. Continental Window & Glass Corp.*, 349 Ill. App. 3d 642, 645 (2004).

¶ 11    The Bank first contends that we should not entertain Karbowski's arguments because he failed to file an affidavit in the trial court in support of his motion to quash service. Citing *First Bank & Trust Co. of O'Fallon v. King*, 311 Ill. App. 3d 1053 (2000), *Household Finance Corp. III v. Volpert*, 227 Ill. App. 3d 453 (1992), *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, and *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, the

Bank contends that an affidavit contesting the showing of due diligence in attempting to locate a defendant is a threshold requirement of any motion to quash service by publication. Yet, in each of these cases, the defendant raised a factual issue regarding the lender's representation that it exercised due diligence in attempting to locate the borrower. As Karbowski points out, his challenge to the court's jurisdiction focuses on defects on the face of the Bank's motion for service by publication; he does not contend that the Bank failed to exercise due diligence in attempting to serve him personally and, based on the facts recited above, it is clear that it did. See *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972) (the "due inquiry" and "due diligence" provisions of section 2-206 [(735 ILCS 5/2-206 (West 2008))] require "an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit"). Therefore, because Karbowski was not contesting the Bank's exercise of due diligence in attempting to locate him, it was unnecessary for him to file an affidavit in support of his motion to quash and we will consider the issues he raises on appeal.

¶ 12    Service of process serves the dual purposes of protecting a defendant's right to due process by allowing proper notification and an opportunity to be heard (*In re Dar. C.*, 2011 IL 111083, ¶ 61) and "vests jurisdiction in the court over the person whose rights are to be affected by the litigation" (*Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006)). Failure to effect service as required by law deprives a court of jurisdiction over the person and any default judgment based on defective service is void. *Id.* at 32. Specifically, a foreclosure judgment entered without service of process is void. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 15.

¶ 13    Section 2-206(a) of the Illinois Code of Civil Procedure provides for service by publication in cases involving property within the jurisdiction of the court. 735 ILCS 5/2-206(a) (West 2008). That section requires the filing of an affidavit showing that the defendant "on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." *Id.* Within 10 days of the first publication, the clerk of the court is required to send a copy of the published notice "by mail, addressed to each defendant whose place of residence is stated in such affidavit." *Id.* Although the Code contemplates service by publication, our court long ago recognized that such service is "an extraordinary means of serving notice–one unknown at the common law" and that, from the perspective of the person to be notified, it is the "least satisfactory method" of giving notice and "often it is no notice at all." *Public Taxi Service, Inc. v. Aryton*, 15 Ill. App. 3d 706, 713 (1973). A party defending notice by publication "must show a strict compliance with every requirement of the statute." *Illinois Valley Bank v. Newman*, 351 Ill. 380, 383 (1933). We examine the claimed deficiencies in the service in this case with these principles in mind.

¶ 14    Karbowski first contends that the error in the Bank's affidavit listing his last known address as the address of the property instead of the Northfield address requires reversal. We disagree.

¶ 15 Although Karbowski argues that the Bank knew he did not reside at the property, he points only to the hearsay recitation in the process server's affidavit that a third party told the process server Karbowski did not live there. The note and mortgage attached to the Bank's complaint do not reflect any address other than the property address for Karbowski. And while a "Family Rider" to the mortgage deleted Karbowski's obligation under the mortgage to occupy the property, the notice provisions of the mortgage designate the property address as the notice address for Karbowski unless Karbowski "has designated a substitute notice address by notice" to the Bank. Karbowski provided the trial court with no evidence that he had designated a substitute notice address.

¶ 16 Further, Karbowski's motion to quash did not affirmatively represent where he lives and, in particular, did not admit he lives at the Northfield address, where the Bank attempted to effect personal service on more than a dozen occasions. He argues only that because the Bank's investigation found that his social security number and credit information were associated with the Northfield address, the Bank's representation that the Bosworth address was his last known address was "false." Under the facts of this case, where the borrower challenges the accuracy of the representation of his last known address but fails to provide the court with competent evidence substantiating the claimed error, he has not provided a sufficient basis for challenging service by publication. Therefore, we find that this issue provides no basis for reversal.

¶ 17 Karbowski also contends that the affidavit relied on by the Bank in support of its motion for service by publication was stale, having been executed 50 days prior to the filing of the Bank's motion. As noted, the notary's seal affixed to the affidavit recited that it was signed and sworn to on September 14, 2009, and the Bank's motion for service by publication was not filed until November 3, 2009.

¶ 18 Section 2-206 does not prescribe any time limits for determining whether a plaintiff's efforts to locate a defendant are sufficient to warrant service by publication. Common sense dictates, however, that an affidavit that recites efforts to locate a party occurring a substantial period of time prior to the filing of the motion to serve by publication may not be sufficient to establish the due diligence required.

¶ 19 Very few reported authorities–none of them very recent–have addressed timeliness issues regarding affidavits in support of service by publication. Karbowski cites *Illinois Valley Bank v. Newman*, 351 Ill. 380 (1933), in support of his contention that the 50-day delay between the execution of the affidavit and the filing of the Bank's motion precluded the Bank from establishing due diligence in its efforts to locate and serve him. In *Newman*, the plaintiff bank relied on an affidavit executed nearly 10 months prior to the first notice by publication. Determining that the delay rendered the ensuing publication insufficient to confer personal jurisdiction over the defendants, the supreme court commented:

> "A party claiming the benefit of a decree upon constructive service must show a strict compliance with every requirement of the statute, and nothing else will invest the court with jurisdiction or give validity to a decree when the same is called in question in a direct proceeding." *Id.* at 383.

¶ 20 The *Newman* court quoted at length from another decision of the supreme court from 1866, *Campbell v. McCahan*, 41 Ill. 45 (1866). In *Campbell*, there was a 20-day delay between the execution of the affidavit in support of the motion to serve by publication and the filing of the motion. Finding the delay unreasonable, the court observed that "[i]t may be difficult to determine what is a reasonable time within which the affidavit must be filed after it is sworn to; but that must depend on the circumstances of each case." *Id.* at 49. Under the circumstances in *Campbell*, the court determined that the delay of 20 days in transmitting the affidavit from an adjoining county was unreasonable even allowing for "the irregularity of the post or delays of messengers" and, as a consequence, "[t]his affidavit *** was made too long before it was filed, to authorize the publication." *Id.* See also *Lakin v. Wood*, 343 Ill. App. 372, 377 (1951) (affidavit of nonresidence filed 11 days prior to the filing of the complaint did not "show a strict and literal compliance with the statute").

¶ 21 On its face, the affidavit in this case reflects a 50-day delay between its execution and filing. If in 1866, when parties relied on mail or messenger delivery via horseback, a 20-day delay defeated the showing of due diligence required to justify service by publication, it would seem obvious that a 50-day delay nearly 150 years later in the age of instant information should suffer the same fate.

¶ 22 The Bank argues that calculation of the delay measured from the September 14 date of the notarization of the affidavit overlooks the substance of the affidavit, including representations by the Bank's counsel of efforts made to locate Karbowski as late as October 28 and the process server's affidavit reflecting attempts to serve Karbowski in October. Measured from the last date listed in the affidavit filed by the Bank's counsel–October 28, 2009–the Bank contends that, in fact, there was only a six-day delay between the date the affidavit was executed and November 3, the date the affidavit was filed.

¶ 23 But the Bank's position highlights yet another problem. The Bank does not explain how a trial court can rely on the substance of an affidavit that is at odds with the notary's seal. While it might be that the September 14 date was perhaps copied from an earlier version of the affidavit and that it was a scrivener's error that the Bank could have corrected in the trial court, the fact is it was not corrected. Therefore, on this record, we have no way of knowing the correct date the affidavit was executed and notarized, just that it must have been on some date between October 28 and November 3. This is not "strict compliance with every requirement of the statute" (*Newman*, 351 Ill. at 383) and, therefore, the order denying Karbowski's motion to quash must be reversed and the judgment of foreclosure and order confirming the sale must be vacated.

¶ 24 The Bank raises a final issue regarding Karbowski's knowledge of the pendency of the foreclosure proceedings and his claimed "waiver" of his objections to jurisdiction, attaching as a "supplementary record" materials that were not provided to the trial court or considered by it in connection with Karbowski's motion to quash. The extraneous materials are dated well before the briefing on Karbowski's motion to quash and the Bank offers no reason why its arguments based on these materials were not presented to the trial court. We previously granted Karbowski's motion to strike these materials and arguments based on them contained

in the Bank's brief and we reiterate here our refusal to consider on appeal matters outside the record as a basis for affirming the orders appealed from.

¶ 25                                            CONCLUSION

¶ 26        Because the Bank's motion to serve by publication did not strictly comply with the requirements of section 2-206, the publication notice authorized by the trial court was insufficient to confer personal jurisdiction over Karbowski and the subsequent orders based on that service are void. For these reasons, we therefore reverse the order of the circuit court of Cook County denying Karbowski's motion to quash service, vacate the judgment of foreclosure and order confirming the foreclosure sale and remand this matter to the circuit court for further proceedings consistent with this opinion.

¶ 27        Reversed and remanded.