Rule 23 order filed
May 10, 2018;
Motion to publish granted
May 18, 2018.

2018 IL App (5th) 170226

NO. 5-17-0226

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MICHELLE PICKENS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-L-301 |
| | ) | |
| AAHMES TEMPLE #132, LLC, | ) | Honorable |
| | ) | Vincent J. Lopinot, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.
Justices Welch and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Michelle Pickens, filed a complaint against the defendant, Aahmes Temple #13, LLC, alleging that she suffered injuries due to the defendant's negligence when she slipped and fell at the defendant's facility. When the defendant failed to file an appearance or an answer, the circuit court entered a default judgment in favor of the plaintiff, awarding the plaintiff $42,837.63 in damages. Nine months later, the defendant filed a motion to quash service and set aside the default judgment, arguing that the default judgment was void because the plaintiff never served it with process. The circuit court denied the motion, and the defendant appeals. For the following reasons, we affirm.

1

¶ 2                                BACKGROUND

¶ 3     The defendant is an Illinois limited liability company that operates a nightclub facility in East St. Louis, Illinois, at which its members and guests socialize at various functions. On May 21, 2015, the plaintiff filed a one-count complaint against the defendant alleging that she sustained injuries at the defendant's facility because of the defendant's negligence when she slipped on a substance on the floor. At the time the plaintiff filed her lawsuit, the defendant's articles of organization filed with the Secretary of State designated its registered agent as an individual named "Jesse Gurley" and established the company's registered office at "104 Fletcher St., Collinsville, IL 62234" (registered office).

¶ 4     The plaintiff employed Kenneth Bouas of Bi-State Investigative Services, Inc., to serve the summons and complaint upon the defendant's registered agent. Unknown to the plaintiff, her attorney, and Bouas, however, the defendant's registered office was a home in which three individuals named "Jesse Gurley" had lived at various times: Jesse Gurley III, Jesse Gurley IV, and Jesse Gurley V. The defendant intended that its registered agent was to be Gurley IV, but the defendant's designation of its registered agent did not include a suffix to distinguish which of the Jesse Gurleys located at its registered office was its registered agent.

¶ 5     Gurley III is Gurley IV's father, had lived at the location of the defendant's registered office for over 30 years, and had no affiliation with the defendant. Gurley V is Gurley IV's son and also lived at the location of the defendant's registered office but had no association with the defendant. In addition, at the time the plaintiff filed her complaint, Gurley IV no longer resided or conducted any business on behalf of the defendant at the defendant's registered office.

¶ 6     On July 24, 2015, Bouas filed a "process service affidavit" in which he certified that, on June 8, 2015, he served the summons and complaint on a "Jesse Gurley" at the defendant's

2

registered office. He identified the "Jesse Gurley" he served as being a black male approximately 65 years old. Bouas's affidavit included a line for identifying the name of the person to be served that stated, "Aahmes Temple #132, LLC a Corp. care of Jesse Gurley." The affidavit form provided check boxes for "service type" that included, among other options, a check box for "personal" service and a check box for "corporation" service. Bouas mistakenly checked the box next to "personal" as the service type he completed.

¶ 7 According to Bouas, when he served the summons and complaint, he knocked on the door of a residence that was located at the address of the defendant's registered office and a person answered the door. Bouas asked for "Jesse Gurley," and the person answering the door said, "I'm Jesse Gurley." Bouas identified himself as a process sever and told the person answering the door that he had a summons from the St. Clair County court. He read the caption of the complaint and stated that the papers were for "registered agent, Jesse Gurley."

¶ 8 According to Bouas, the person who answered the door and identified himself as Jesse Gurley, accepted the service of the summons and complaint, and did not indicate that he was the incorrect person or that he did not understand what was presented to him. The person who accepted the service of process was Gurley III.

¶ 9 No one entered an appearance or answered the complaint on behalf of the defendant after Bouas served the summons on Gurley III. On September 1, 2015, the plaintiff sent a certified letter addressed to "Jesse Gurley" at the address of the defendant's registered office. The purpose of this letter was to advise the defendant, through its registered agent, that more than 30 days had elapsed since the service of the summons and complaint and that no one had entered an appearance or answered the complaint on behalf of the defendant. The letter included a file-stamped copy of the complaint and Bouas's affidavit of service of the complaint and summons.

Gurley III received and signed for this letter on September 5, 2015. Again, no one took action on behalf of the defendant after Gurley III signed for this letter.

¶ 10    On December 14, 2015, the plaintiff filed a motion for a default judgment. The plaintiff also sent a copy of the motion and notice of hearing on the motion by certified mail to the defendant c/o "Jesse Gurley" at the registered office. The letter included another copy of the complaint as well as the plaintiff's medical bills that she intended to present as part of her proof of damages. The record indicates that the person who signed for this certified mail signed the receipt as "Jesse Gurley" with an illegible suffix that could be III or IV. According to Gurley IV, the signature is not his. In addition, he did not recognize the signature but believed that Gurley III signed for the letter but never gave it to him. Gurley III, however, stated that the signature was not his and denied signing for this letter.

¶ 11    On January 12, 2016, the plaintiff sent another certified letter to the defendant c/o "Jesse Gurley" at the registered office, again attempting to notify the defendant of the complaint and proof of service and that she would be seeking a default judgment on January 19, 2016. The letter included exhibits that the plaintiff stated she would present at the hearing. Gurley III signed for this letter on January 14, 2016. Again, no one appeared or answered the complaint on behalf of the defendant.

¶ 12    On January 19, 2016, the plaintiff appeared in court for a hearing on her motion for a default judgment. The defendant failed to appear. The circuit court entered an order granting the plaintiff's motion for a default judgment on the issue of liability. On January 27, 2016, the plaintiff attempted to send a copy of the default order to the defendant by certified mail addressed to the defendant c/o "Jesse Gurley" at the address of the defendant's registered office. The letter included notice that the plaintiff intended to appear in court on March 15, 2016, to

4

establish her damages. Gurley IV's mother, Earline, who also lived at the address, signed for the certified letter on January 30, 2016. Again, no one appeared on behalf of the defendant.

¶ 13 On March 18, 2016, the defendant filed a statement with the Secretary of State to indicate a change of its registered agent. In this document, the defendant designated Suskin Lockett as its registered agent, rather than Jesse Gurley, and listed a new address for its registered office.

¶ 14 On March 23, 2016, the plaintiff sent a letter to the clerk of the circuit court with a proposed order concerning the default judgment and sent a copy of the letter and proposed order to the defendant c/o Jesse Gurley at the defendant's previous registered office (Gurley III's home). Earline signed for this letter. On April 1, 2016, the plaintiff appeared in court to prove her damages. The circuit court entered a default judgment against the defendant, awarding her $42,837.63 in damages.

¶ 15 On July 25, 2016, the plaintiff filed a citation to discover assets. On September 27, 2016, Bouas attempted to serve the citation to discover assets on the defendant c/o "Jesse Gurley" at Gurley III's home. This time Earline spoke with Bouas and informed him that the Jesse Gurley he needed to speak to was Gurley IV who had moved to Shiloh, Illinois.

¶ 16 On October 1, 2016, Bouas served the citation to discover assets on Gurley IV at 2740 Lake Lauren Drive, Shiloh, Illinois. In his affidavit, Bouas attested that he served "Jesse Gurley," a black male with an approximate age of 45. With respect to the type of service, Bouas checked the boxes for personal and corporation. Once served with these documents, Gurley IV gave the documents to a person who was affiliated with the defendant. The defendant then retained counsel and, on October 17, 2016, it filed a motion to quash service and to set aside the default judgment. This motion is the subject matter of the present appeal.

5

¶ 17    In its motion to quash, the defendant alleged that the circuit court's January 19, 2016, default order was void due to a lack of proper service. The defendant filed Gurley IV's affidavit in support of the motion. In his affidavit, Gurley IV stated that he resided in Shiloh, Illinois, that he was the former registered agent for the defendant, and that he was never served with the summons and complaint in the lawsuit.

¶ 18    On November 1, 2016, the parties appeared in court on the motion to quash, and the circuit court granted the parties "limited discovery regarding agency and service." The parties then took the depositions of Gurley III, Gurley IV, Earline Gurley, and Bouas. The defendant filed the transcripts of these discovery depositions in support of its request to quash service and set aside the default judgment.

¶ 19    Gurley IV testified in his deposition that he had previously lived at the address of the defendant's registered office for approximately 22 years but moved from that address to a new address in Belleville sometime in 2012. Prior to moving, he lived at the location of the defendant's registered office with his parents, Gurley III and Earline, as well as his ex-wife, two daughters, and son, Gurley V, who was born in July of 1995. When he left that address in 2012, his parents, ex-wife, two daughters, and son continued to reside at the address. He explained that his great-grandfather and grandfather, Jesse Gurley and Jesse Gurley II, had passed away prior to February 2015.

¶ 20    At the time of the deposition, Gurley IV lived in Shiloh, Illinois. He testified that when he lived at the location of the defendant's registered office he often received mail addressed to "Jesse Gurley" and had to open the mail to determine which Jesse Gurley was the intended recipient of the mail. He testified that his father and his son were never associated with the

defendant as a member, director, or agent. He was the only person who had resided at the defendant's registered office who had been associated with the defendant in any capacity.

¶ 21    Gurley IV testified that he became associated with the defendant as a member in 2010 or 2011, that he became a member of its board in 2011 or 2012, and that he served in that capacity for approximately one year. As a board member, his responsibilities were fundraising events for the club. He did not file any of the defendant's paperwork with the Secretary of State and did not know who was responsible for the filings. When he moved from the defendant's registered office in 2012, he did not inform the defendant that he had changed his address. He explained that, after 2013, he was no longer a member of or affiliated with the defendant. He said that the defendant suspended his membership privileges in 2014 because he quit paying his dues.

¶ 22    Gurley IV stated that he was not aware that he was the registered agent for the defendant and did not know who filed the paperwork that designated him as the registered agent. He testified that, had anyone asked him if he would serve as the defendant's registered agent, he would have said no. He testified that he first learned that he had been designated as the defendant's registered agent when he was served with citation to discover assets in October 2016 after he had moved to Shiloh. He testified that he never received the summons and complaint or any of the certified letters that Gurley III and Earline signed for. He stated that neither he nor the defendant ever gave Gurley III or Earline authority to accept service on behalf of the defendant.

¶ 23    Gurley III testified during his deposition that he had resided at the location of the defendant's registered office for 30 years and that he was not the defendant's registered agent. He recalled Bouas serving him "papers" associated with the plaintiff's lawsuit. He testified that the process server told him that he had papers for Jesse Gurley and that he had to "sign for it or receive it." According to Gurley III, the process server never said that he was looking to serve

7

"Jesse Gurley as a registered agent of Aahmes Temple in Pickens versus Aahmes Temple." Gurley III stated that he did not have "any conversation with a process server or anybody about the specifics involved" in the case "other than just mail being delivered to my house for either me or my son." He claimed that he did not know what he was accepting and that the process server did not ask him if he was the registered agent of the defendant. He agreed that his son never told him that he could accept anything on behalf of the defendant.

¶ 24    Gurley III explained that Gurley IV lived at the address of the defendant's registered office from 1984 through 2012 and that it was a common occurrence for deliveries, packages, or mail intended for him, his son, or his grandson to be received by an unintended family member with the same name. He testified that he always either gave his son his mail or put it in a pile for him to pick up later and that he instructed all household members to do the same.

¶ 25    Gurley III recalled giving paperwork regarding the plaintiff's lawsuit to Gurley IV. He testified that he believed that he had the authority to accept deliveries on behalf of his son and that it was common practice for him to do so at the address. After being shown documents that the defendant filed with the Secretary of State, he agreed that the documents did not contain anything that would distinguish which "Jesse Gurley" located at the defendant's registered office was the defendant's registered agent. With respect to accepting the service of the summons and complaint on June 8, 2015, the following exchange took place during his deposition:

"Q. Do you recall that happening back in June of 2015, a process server coming to you and giving you a paper that looks like what's indentified in—

A. I don't know—remember the exact date—but I know received paperwork similar to that that I probably signed for, because I knew my son was involved in the

8

group at one time, and that's my address. Anything that comes to my house that's got a name Jesse Gurley, I'm interested in it.

Q. And you're going to accept that?

A. Yes, if it has my name on it, and it's a possibility it could be something that I need to follow up on or do something about.

Q. And even if it's for your son, you're going to accept it; correct?

A. It—

Q. And do you have the authority to accept deliveries, packages, mail on behalf of your son?

A. Well, I—you answer—when you say authority, I feel I do, because it's my house and my name on there. If it's not mine, they shouldn't be delivering it to me or asking me to sign or look at it. So—

Q. And when you pass mail on to your son, he understands that you've accepted that on his behalf, correct?

A. Yes.

Q. Yes. And he's never told you not to do that; correct?

A. No."

¶ 26    Earline Gurley testified during her deposition that she had lived at the address for over 30 years and that it was a common occurrence that she received mail intended for Gurley IV at her home. She explained that she would give her son his mail and he would thank her. She stated that she had authority to sign for mail that was delivered to her home for Gurley III or Gurley IV, that she put all mail for Gurley IV in a pile for him, that he picked up his mail multiple times in 2015, and that she believed that he picked up all of the documents related to the plaintiff's lawsuit that

9

were delivered to her home. According to Earline, Gurley IV never told her that she could not accept paperwork on his behalf. Earline agreed that nothing in the defendant's paperwork filed with the Secretary of State would distinguish which "Jesse Gurley" at the defendant's registered office was the defendant's registered agent.

¶ 27   Bouas testified at his deposition that he served the summons and complaint to an individual named Jesse Gurley at the address of the defendant's registered office on June 8, 2015. He testified:

"I knocked on the door, he answered the door. I asked for Jesse Gurley. He said, 'I'm Jesse Gurley.' At that time I said, 'I'm a process server,' identified myself, said I had a summons from St. Clair County Court, and then I read the Michelle Pickens versus Aahmes Temple, LLC, and it was paper for registered agent, Jesse Gurley."

¶ 28   Bouas testified that he did not ask the Jesse Gurley who answered the door whether he was the defendant's registered agent. He stated that his standard practice was to "read the plaintiff, defendant and then who it's being served to." He did not remember the person who he served "saying very much at all, other than he was Jesse Gurley."

¶ 29   Bouas testified during his deposition that when he went to the defendant's registered office to serve the citation to discover assets, he spoke with Earline and asked for Jesse Gurley. Earline responded, "Jesse Gurley my son?" and Bouas replied, "Jesse Gurley, whoever the registered agent is for [the defendant]." Earline informed him that he did not live at that address anymore, and she gave him Gurley IV's address in Shiloh. Bouas then began attempts to serve Gurley IV in Shiloh, serving him with the citation to discover assets on October 1, 2016.

¶ 30   On March 7, 2017, the circuit court conducted a hearing on the defendant's motion to quash service and set aside the default judgment. After arguments from counsel, the circuit court

denied the defendant's motion. The court reasoned that the defendant "named Jesse Gurley, no other specifics" as its registered agent and that the defendant was "asking for relief from something that they could have avoided in many ways." The court entered a written order as follows: "Defendant's Motion to Set Aside Default Judgment and Quash Service heard and denied." On April 6, 2017, the defendant filed a motion to reconsider, which the circuit court denied on April 19, 2017. This appeal ensued.

¶ 31                                              ANALYSIS

¶ 32    The defendant argues that the circuit court erred in denying its motion to quash service and set aside the default judgment because service of the complaint and summons was invalid. It argues that because the plaintiff did not properly serve it with the summons and complaint, the circuit court's default judgment is void.

¶ 33    Initially, we note that the defendant's motion did not cite the section of the Illinois Code of Civil Procedure (Code) under which it brings its motion. Section 2-1401 of the Code allows parties to undo or avoid final judgments more than 30 days after the judgment is entered. 735 ILCS 5/2-1401 (West 2014). In *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002), the supreme court held that a pleading that challenges a void judgment based on invalid service is, in substance, a section 2-1401 motion. Accordingly, in the present case, we will treat the defendant's motion to quash service and set aside the default judgment as a section 2-1401 petition. We review an order denying a section 2-1401 petition under the *de novo* standard of review. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 34    Also, with respect to the standard of review, we note that the circuit court did not conduct an evidentiary hearing on the defendant's motion. It decided the issue based on pleadings, affidavits, deposition transcripts attached to pleadings, and arguments from counsel. Where a

11

trial court holds no evidentiary hearing and bases its decision on documentary evidence, our review is *de novo*. *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 10.[1]

¶ 35 The issue raised in the defendant's motion was whether the plaintiff properly served the defendant with the summons and complaint. Service of process "is fundamental to any procedural imposition on a named defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). It serves the dual purposes of protecting a defendant's right to due process by allowing proper notification and an opportunity to be heard (*In re Dar. C.*, 2011 IL 111083, ¶ 61) and "vests jurisdiction in the court over the person whose rights are to be affected by the litigation" (*Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006)).

¶ 36 In absence of service of process or a waiver of service by the defendant, a court ordinarily may not exercise power over a party. *Id*. A judgment entered by a circuit court without jurisdiction over the parties is void and may be challenged at any time. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 37 In the present case, both parties incorrectly focus on section 2-204 of the Code, which provides that "[a] private *corporation* may be served (1) by leaving a copy of the process with its registered agent *or any officer or agent of the corporation found anywhere in the State*; or (2) in any other manner now or hereafter permitted by law." (Emphases added.) 735 ILCS 5/2-204 (West 2014). The defendant is not a private corporation; it is an Illinois limited liability

---

[1]There appears to be a dispute among the courts concerning which party has the burden of proof when the defendant disputes the agency of the person served. *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2016 IL App (1st) 151876, ¶ 23, *rev'd on other grounds*, 2017 IL 121281. Some courts have held that the burden is on the plaintiff to prove the presence of the agency relationship, and some courts have held that the defendant has the burden of proving that the person served was not an agent for purposes of accepting service. *Id*. Here, we need not determine which party had the burden of proof because our decision on review would be the same regardless of which party had the burden of proof in the proceedings below.

company. Service on a limited liability company is governed by section 1-50 of the Limited Liability Company Act. 805 ILCS 180/1-50 (West 2014); *John Isfan Construction, Inc. v. Longwood Towers, LLC*, 2016 IL App (1st) 143211, ¶ 38.

¶ 38    Under section 1-50 of the Limited Liability Company Act, a plaintiff can serve process upon a limited liability company only by serving "the registered agent appointed by the limited liability company or upon the Secretary of State." 805 ILCS 180/1-50(a) (West 2014). Specifically, the statute provides in relevant part as follows:

"§ 1-50. Service of process on limited liability company.

(a) Any process, notice, or demand required or permitted by law to be served upon either a limited liability company or foreign limited liability company shall be served either upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this Section.

(b) The Secretary of State shall be irrevocably appointed as an agent of a limited liability company upon whom any process, notice, or demand may be served under any of the following circumstances:

(1) Whenever the limited liability company shall fail to appoint or maintain a registered agent in this State.

(2) Whenever the limited liability company's registered agent cannot with reasonable diligence be found at the registered office in this State or at the principal place of business stated in the articles of organization." *Id.* § 1-50(a), (b)(1), (b)(2).

¶ 39    While section 2-204 of the Code allows private corporations to be served by service upon any "agent" of the corporation found anywhere in the state, section 1-50 of the Limited Liability

13

Company Act is more limited. It allows service only "upon the registered agent appointed by the limited liability company or upon the Secretary of State." *Id.* § 1-50(a). Therefore, in the present case, in order to find the plaintiff's service to be proper under the statute, we must find that Gurley III was "the registered agent appointed by the limited liability company." We believe that, because of the defendant's filings with the Secretary of State, Gurley III was authorized by the defendant to accept service of process on behalf of the defendant under the plain language of the Limited Liability Company Act.

¶ 40    Section 1-35 of the Limited Liability Company Act provides that each limited liability company "shall continuously maintain in this State a registered agent and registered office, which agent must be an individual resident of this State or other person authorized to transact business in this State." *Id.* § 1-35(a). The company's articles of organization must set forth the name of the company's registered agent and the address of its registered office, and the articles of organization must be filed with the Secretary of State. *Id.* § 5-5(a)(3), (b).

¶ 41    In the present case, as noted above, the defendant's articles of organization set forth "Jesse Gurley" as its registered agent and set forth Gurley III's home address as its registered office. Although Gurley IV testified that the defendant intended to name him as its registered agent, not Gurley III, the defendant's articles of organization failed to make such a distinction. The process server relied on the defendant's representations to effect service of process on the company, and the process server complied with the defendant's express representations with respect to both the exact name *and* location of its registered agent. Service on a person bearing the exact name as the company's registered agent and located at the exact address of the company's registered office is service that is calculated to give the defendant fair notice of the pending lawsuit. Based on the statutory scheme outlined above, we believe that the legislature

14

intended for such service to be effective under section 1-50 of the Limited Liability Company Act.

¶ 42    Had the defendant identified its registered agent as Jesse Gurley IV or had the process server served Gurley III at a location other than the defendant's registered office, our conclusion might be different. Here, however, the process server delivered the summons according to the defendant's directions. If the defendant's statutory obligation to establish its registered agent and registered office is to have any meaning, then service on a person having the exact name as the defendant's registered agent and located at the exact address of the defendant's registered office has to be effective service. The defendant had absolute control concerning the identification and location of its registered agent; it cannot now escape the consequences of the manner in which the summons was delivered when it was delivered in accordance with its own manifestations of agency.

¶ 43    Because the plaintiff's service of process complied with the requirements of section 1-50 of the Limited Liability Company Act, the circuit court correctly denied the defendant's motion to set aside the default judgment and quash service.

¶ 44                                CONCLUSION

¶ 45    For the foregoing reasons, the judgment of the circuit court is hereby affirmed.


¶ 46    Affirmed.

15

2018 IL App (5th) 170226

NO. 5-17-0226

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

MICHELLE PICKENS,                                  )        Appeal from the
                                                   )        Circuit Court of
    Plaintiff-Appellee,                            )        St. Clair County.
                                                   )
v.                                                 )        No. 15-L-301
                                                   )
AAHMES TEMPLE #132, LLC,                            )        Honorable
                                                   )        Vincent J. Lopinot,
    Defendant-Appellant.                           )        Judge, presiding.
_____

**Rule 23 Order Filed:**              May 10, 2018
**Motion to Publish Granted:**        May 18, 2018
**Opinion Filed:**                    May 18, 2018
_____

**Justices:**        Honorable David K. Overstreet, J.

                     Honorable Thomas M. Welch, J., and
                     Honorable James R. Moore, J.,
                     Concur
_____

**Attorney**        Dedra M. Moore, 4601 State Street, Suite 100B-1, East St. Louis,
**for**             IL 62205-1359
**Appellant**
_____

**Attorneys**       Michelle M. Rich, Kristina D. Cooksey, Thomas C. Rich, 6
**for**             Executive Drive, Suite 3, Fairview Heights, IL 62208
**Appellee**
_____